Millaud L. Midomck, J.
I hereby find and decide that the plaintiff brings action as payee on a valid promissory note in the face amount of $1,500 delivered to plaintiff on March 7,1949, providing for “15% attorney fees if the within is turned over for collection ”, and providing for 6% interest per year. The defendants are the maker of the note, Beatrice Bothman, and the indorsers, Morris Silver and Aaron Eichler, who guaranteed payment thereof, jointly and severally. Silver was not served and did not appear, and the complaint is hereby dismissed as against him, without prejudice. As to the defense of payment, I find that at no time during or prior to the transfers to the creditor plaintiff of the part payments here found to have been made by the maker, were any of the part payments specifically allocated by a debtor, and therefore the creditor plaintiff had the right to apply the payments first in extinguishment of debts of the maker to the creditor plaintiff, other than the note here sued upon, which the creditor plaintiff did. The guarantor equally with the principal debtor was affected by such application to the debts which the guarantor had not guaranteed. (Wanamaker v. Powers, 102 App. Div. 485, affd. without opinion 186 N. Y. 562; Eccleston v. Sands, 108 App. Div. 147; Hamilton Factors Corp. v. Winston, 132 N. Y. S. 2d 458.) Further as to the defense of payment, I find that the contention of the defendants Bothman and Eichler is correct in fact and in law, that the net proceeds of the mortgage foreclosure of the mortgage, on the property of another, given by the maker to secure this note, which proceeds were received by the creditor plaintiff,
*691 amounted to $1,610.68. Plaintiff’s contention that $307.50 of the latter sum was not received by him in part payment of these debts because such $307.50 was retained by attorneys who brought and conducted the foreclosure proceedings, is not correct. I find that the attorneys who brought and conducted the foreclosure proceedings were in fact the attorneys of the plaintiff, that the plaintiff consented to placing the mortgage in the name of one of such attorneys for plaintiff’s convenience, and that plaintiff consented to the payment of fees and charges of such attorneys in connection with such foreclosure. When plaintiff’s attorneys received the net proceeds of the mortgage foreclosure, to wit, $1,610.68, that entire sum is deemed received by the plaintiff in part payment of defendant maker’s debts owed to him. It is immaterial that plaintiff’s attorneys demanded and received $307.50 of such $1,610.68 with the consent of plaintiff, for services in such foreclosure, inasmuch as the promissory note here sued upon makes no provision giving plaintiff payee any rights or claims against the maker or indorsers for mortgage foreclosure expenses. (Bowery Bank of New York v. Hart, 77 App. Div. 121.) The only provision of the note here sued upon relating to expenses of collection is: “ The undersigned agrees to pay 15% attorney fees if the within is turned over for collection.” Such 15% of the amount found owing at the date of trial is made part of the judgment herein, but no more. Revising plaintiff’s computations as contained in his bill of particulars, consistent with the above findings and decision, I find that there was a balance due to plaintiff of $601.70 with interest from June 10, 1952, and a further setoff in the form of a $25 loan to plaintiff on March 10, 1954. I find interest in the amount of $137.59 was owing to plaintiff on May 4, 1956, the last day of trial herein. Subtracting said $25 and adding said $137.59, I find for plaintiff in the sum of $714.29, plus “15% attorney fees ” of $107.14, all sums together, including interest, aggregating $821.43. I therefore order and adjudge that said plaintiff, David Smith, have judgment accordingly for $821.43, inclusive of interest, against Beatrice Rothman and Aaron Bichler, defendants, jointly and severally, together with the costs and disbursements of this action.
I further order and adjudge that said defendant Bichler, having demanded same in his answer, have judgment over and against defendant Rothman, for the amount of the judgment which is recovered herein by plaintiff against said defendant Bichler, together with the costs and disbursements of this action.
Five days’ stay of execution.