## First Department, July, 1958

### (July 1, 1958)

■  DAVID SMITH, Respondent, v. BEATRICE ROTHMAN et al., Defendants, and AARON EICHLER, Appellant.

---

* Not published with other decisions of March 27, 1958, 5 A D 2d 867, and May 27, 1958, 6 A D 2d 681.— [REP.

* * Not published with other decisions of April 24, 1958, 5 A D 2d 985.— [REP.

*Per Curiam.* There is no proof in the record of any agreement between plaintiff, as holder of the note, and defendant-appellant, as indorser, that the note was to be surrendered and a second mortgage substituted in its stead. Plaintiff wanted security for the various advances he had made, and the debtor gave him the note which appellant indorsed as evidence of the debt, with the understanding that any proceeds realized from the mortgage the debtor obtained would be applied against her obligations. It had been contemplated that the debtor would obtain such payments through foreclosure proceedings, and the mortgage proceeds were turned over voluntarily by the debtor. The debtor did not specify as to which of her obligations the payments were to be allocated. Plaintiff was therefore free to apply the proceeds to the total amount owed by the debtor as he saw fit (*Harding* v. *Tifft*, 75 N. Y. 461, 464) and to proceed on the note against her and the indorser, who had waived notice of protest and nonpayment, for the balance. The debtor did not assign her interest in the mortgage by virtue of judicial compulsion. It was a voluntary act so far as she was concerned, and the fact that foreclosure proceedings against a third person who was a stranger to the contract were necessary to produce payment does not affect the rights or obligations of the indorser. The determination of the Appellate Term affirming the judgment for plaintiff should be affirmed, with costs.

VALENTE, J. (dissenting). In allocating the proceeds of the surplus moneys in the foreclosure proceedings, the trial court found that the creditor plaintiff had an unqualified right to apply the payments first in extinguishment of debts of the maker of the note other than the debt represented by the note. The rule governing applications of voluntary payments made by a debtor is that the debtor may direct its appropriation if he chooses, and if he fails to do so, then the creditor may make the application. A surety or guarantor for part of a debt cannot, in the absence of an agreement, control the application of a payment voluntarily made by a debtor with his own funds. The error in the judgment below arises from the court's equating the proceeds of the mortgage foreclosure with a voluntary payment by a debtor. It clearly was not such a voluntary payment. Hence, the court should have applied the proceeds in accordance with the equities of the case. (See 40 Am. Jur., Payment, § 139 *et seq.*; 57 A. L. R. 2d 855, 869–881.)

Apart from the insubstantial proof in the record as to other loans, it is evident here that the mortgage was considered by all parties as additional security for the payment of the note. Consequently, the creditor should not have been permitted unilaterally to nullify that arrangement and to apply the proceeds first to extinguish other alleged loans to the maker of the note. All of the equities of the case cried for allocation of the surplus moneys in the first instance to reduction of the indorser's obligation. Had this been done, it would have been found that nothing was due to the plaintiff from the appellant indorser. The Trial Judge erroneously assumed that he had no discretion to apportion on equitable principles and was bound to adopt the rule applicable to voluntary payments by a debtor. For these reasons I dissent and would reverse the judgment and dismiss the complaint as to appellant-defendant Eichler, with costs and disbursements.

Botein, P. J., Breitel, McNally and Stevens, JJ., concur in *Per Curiam* opinion; Valente, J., dissents in opinion.

Determination affirmed, with costs to the respondent.