■ MINT FACTORS, Appellant, v JERRY CASTELLE et al., Respondents, et al., Defendants.—In a mortgage foreclosure action, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered June 12, 1985, which, after a nonjury trial, *inter alia,* dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On May 31, 1977, the plaintiff lent the principal sum of $33,500 to Dante International, Inc. The loan was to be paid in 24 installments pursuant to 24 promissory notes executed by Dante International, Inc., to the order of the Mint Factors. The defendants Jerry Castelle and Helene Castelle executed a personal guarantee for the payment of the loan and also provided a mortgage against certain real property located in Nassau County as collateral security for the payment of the obligation. It is undisputed that 20 of the notes were paid. In or about June 1981 the plaintiff commenced this action upon the mortgage claiming that a default occurred in 1979, and that despite a demand, the final four promissory notes re-

mained unpaid. In their verified answer to the complaint, the Castelles asserted the affirmative defense of payment. At the trial, Mr. Castelle's former attorney testified that in July 1979 he delivered a check in the sum of $7,000 to the plaintiff's attorney expressly stating that the payment was to be applied to extinguish the outstanding obligation on the 1977 loan. The plaintiff conceded that it had received the $7,000 payment in 1979 but had at its option applied the moneys to cover other outstanding debts incurred by Dante International, Inc., under certain loans made subsequent to the loan made in 1977 which was the sole loan referred to in the plaintiff's verified complaint. The trial court denied the plaintiff's motion to amend the complaint to include evidence of certain loans made subsequent to the one made in 1977, and, at the close of all evidence, dismissed the plaintiff's complaint.

In view of the plaintiff's unexplained delay until the trial of this action to move to amend the complaint, we find that the trial court properly denied the motion *(see, e.g., Matter of Department of Social Servs. v Jay W.,* 105 AD2d 19). The evidence in the record also supports the trial court's determination to dismiss the complaint as the respondents demonstrated that the $7,000 payment was made in 1979 to the plaintiff with the express direction that the plaintiff apply this to extinguish the outstanding obligation arising from the May 1977 loan secured by the mortgage. It is well settled that a creditor has the option to allocate a debtor's payment as it sees fit only when the debtor fails to direct the creditor to apply moneys to any specific debt *(see, e.g., Smith v Rothman,* 16 Misc 2d 689, 690, *affd* 6 AD2d 859, *affd* 6 NY2d 793).

We have considered the plaintiff's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.