## (September 11, 1978)

■    ARTHUR G. SMITH, Appellant, v GEORGE SARKISIAN et al., Respondents.

Mikoll, J. (dissenting). I respectfully dissent. The Court of Appeals in *Steiner v Wenning* (43 NY2d 831), a case remarkably similar to the case at hand, set aside a dismissal of a complaint which had sounded in tort and the answer to which, in addition to a general denial, pleaded the three-year Statute of Limitations. Plaintiff's counsel moved to amend the complaint at trial after selection of a jury to allege a cause of action sounding in contract rather than one sounding in tort. The trial court denied the motion to amend and granted the motion to dismiss the action as time-barred. The Appellate Division affirmed the trial court. In its decision, the Court of Appeals held that since the complaint stated a good cause of action in contract without any amendment and sought no greater recovery than would be allowed under the law of damages with respect to contract liability, it was error then to apply a three-year Statute of Limitations and the complaint should not have been dismissed. Here the trial court dismissed the complaint applying the statutory limitation applicable to a cause of action in fraud. The complaint, in the second cause of action, sets forth facts alleging a breach of a contract of employment and demands money damages. Plaintiff claims he was entitled to a yearly bonus which he was never paid for the 10 years of his employment. Plaintiff, if successful, could recover for the preceding six years to 1974 when the complaint was served. It was error, therefore, to apply the three-year Statute of Limitations and the complaint should not have been dismissed. Although there was delay in moving to amend here, the delay was not prejudicial since the defendant had knowledge of the facts underlying the breach of contract action from the time the original complaint was served and the amendment merely seeks to set forth an additional theory of law based on those facts. The

judgment and underlying order appealed from should be modified by reversing so much thereof as denied the motion for leave to amend the complaint and as dismissed the complaint, and, as modified, affirmed.