■ HELEN DULL, Individually and as Executrix of ROBERT P. DULL, Deceased, Appellant, v SOUTH NEW BERLIN VALLEY SUPPLY, INC., et al., Respondents, et al., Defendants. — Appeals (1) from orders of the Supreme Court at Special Term, entered October 2, 1979 in Chenango County, which granted motions by defendants South New Berlin Valley Supply, Inc., and Edward Beckert and Robert Egginton for summary judgment and dismissed the complaints as against them, and (2) from the judgments entered thereon. This appeal can be disposed of summarily. Defendants moved for summary judgment based in part upon the narrow ground that plaintiff was barred from asserting her causes of action sounding in fraud by the Statute of Limitations (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:20, p 439). Special Term granted the motions, reasoning that since the record conclusively established that plaintiff discovered or with reasonable diligence could have discovered the fraud in 1972, more than six years before this action was commenced, the action was

---

* There was no award for conscious pain or suffering as the court found "no evidence, other than mild discomfort, of any pain".

barred by CPLR 213 (subd 8). Plaintiff contends that her affidavits in opposition to defendants' motions contain "evidentiary facts * * * which were not and could not be conclusively rebutted by respondents * * * [and which] demonstrate that her initial discovery of these actionable transactions occurred in late 1976". She argues, therefore, that pursuant to CPLR 213 (subd 8) she had until 1982 to commence her action. However, pursuant to CPLR 203 (subd [f]), "The Statute of Limitations for fraud is six years from the date of commission of the act or two years from the date of discovery, whichever is longer" (Smith v Sarkisian, 63 AD2d 780, 781, 64 AD2d 988, affd 47 NY2d 878). Thus, accepting plaintiff's assertion that the date of discovery was sometime in 1976, her action commenced on June 2, 1979 was still untimely. Accordingly, Special Term properly granted defendants' motions for summary judgment. We reach no other issue. Orders and judgments affirmed, with one bill of costs to respondents. Main, J.P., Casey, Yesawich, Jr., Weiss and Herlihy, JJ., concur.