■ JAMES J. MALONEY, as Father and Natural Guardian of JOANN MALONEY, an Infant, et al., Appellants, v. UNION FREE SCHOOL DISTRICT No. 7 et al., Respondents. (And a Third-Party Action.) — In a negligence action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered April 5, 1974, which denied their motion to reinstate their bill of particulars in the form and substance originally served. Order reversed, without costs, and motion granted. The infant plaintiff was injured in June, 1968 when she pushed her hand through the plate glass of an exit door in the elementary school she was attending. Plaintiffs' notice of claim, complaint and bill of particulars alleged that the glass had been broken prior to the accident and that defendants had been negligent in permitting the door to "remain in a broken, unsafe condition". At the inception of the trial, however, plaintiffs were permitted to amend their bill of particulars to assert that defendants had violated certain safety rules and regulations promulgated by the University of the State of New York and the State Education Department, and the trial proceeded solely on that theory. Following an interlocutory judgment in favor of plaintiffs on the issue of liability only, upon a jury verdict, defendants appealed and this court reversed and granted a new trial (*Maloney* v. *Union Free School Dist. No. 7*, 41 A D 2d 937). Prior to the retrial, plaintiffs, upon the affidavit of their trial counsel, moved to reinstate their original bill of particulars so that they could proceed on the original theory that the glass was in a cracked or weakened condition when the accident occurred. Under the circumstances it was an improvident exercise of discretion to deny plaintiffs' motion. In deciding motions for leave to amend a bill of particulars the standard to be employed is akin to that enunciated in CPLR 3025 (subd. [b]) governing applications for leave to supplement or amend pleadings (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3041.21). Thus, in the absence of a showing of prejudice as is the situation here, leave to amend a bill of particulars should be freely granted (*Morris Oil Servs.* v. *Bergman*, 37 A D 2d 862; *Janangelo* v. *Falshaw*, 39 A D 2d 763). Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.