■ JOSEPH PETERSON et al., Respondents, v SPARTAN INDUSTRIES, INC., et al., Appellants, et al., Defendants. SPARTAN INDUSTRIES, INC., Formerly Known as E. J. KORVETTE, INC., and Operating as E. J. KORVETTE, Third-Party Plaintiff, v NOMA LITES CORP. et al., Third-Party Defendants. (And Two Other Third-Party Actions.)—Order, Supreme Court, New York County, entered October 21, 1977, which granted plaintiffs' motion to increase their

*ad damnum* clause from $500,000 to $2,000,000, in an action in negligence, breach of warranty and strict products liability, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with one bill of $40 costs and disbursements of this appeal to the defendants-appellants and the motion denied. On July 27, 1967, the plaintiff Joseph Peterson sustained severe multiple burns when engulfed in flames as a result of fuel escaping from an allegedly defective garden torch. A summons and complaint, seeking $500,000 in damages for the plaintiff Joseph Peterson and a separate sum for loss of services on behalf of his wife, were served in June of 1970. Thereafter, issue was joined in January of 1971, a bill of particulars served on April 22, 1971 and a note of issue served and filed in August, 1971. In December of 1973, plaintiff served and filed a statement of readiness and placed the case on the calendar. On October 21, 1976, plaintiff served a new bill of particulars in support of a motion to serve an amended complaint. That motion was made on October 29, 1976 and granted on January 11, 1977. The amended complaint added a cause of action in strict products liability but requested the same damages as the original complaint. On July 25, 1977, plaintiffs moved to increase the *ad damnum* clause from $500,000 to $2,000,000. The extremely belated nature of this motion clearly imposed upon plaintiffs an obligation to demonstrate "the reasons for the delay in making the application and the fact the increase is warranted by reason of information which has recently come to the attention of the plaintiff and excusing the failure or negligence necessitating the amendment." *(Osborne v Miller,* 38 AD2d 298, 300.) The showing here made was palpably insufficient. Reliance was placed primarily on a report of a Dr. Cooper dated January 8, 1977, who had examined Peterson several days before, detailing the injuries suffered by Peterson. With a single exception the report details injuries which had been known to plaintiff for many years and had been previously described in the medical report of another doctor dated January 8, 1969 that had been submitted in connection with the filing of the note of issue in August, 1971. The only arguably new element of damage presented was the opinion of Dr. Cooper that the extensive burn scars were subject to breakdown and formation of ulcerations, which "may require a surgical procedure of excision and grafting" and his estimate of the costs that would be reasonably expected in connection with such surgical procedure. Preliminarily it should be noted that no such surgical procedure had apparently been deemed necessary in the 10 years that had elapsed since the accident. Moreover, it is far from clear that the papers explain satisfactorily the failure to have considered the possibility of such an operation long before the motion was made. What seems to us decisive, however, is that the element of possible new damage, when considered in relationship to the extensive injuries known for many years and previously described, is too insubstantial to justify an increase in the *ad damnum* clause at this late date, much less one so drastic as that here sought and granted. Concur—Kupferman, J. P., Evans, Fein, Lynch and Sandler, JJ.