■ Maria Marzan, Respondent, v Park Avenue Enclosed Market Merchants Association, Inc., Appellant.—Order, Supreme Court, New York County, entered March 17, 1978, which granted plaintiff's motion to remove this action from the Civil Court of the City of New York to the Supreme Court, New York County, and to amend the complaint to increase the *ad damnum* clause from $10,000 to $500,000, reversed, on the law and the facts, and the motion denied, without costs and without disbursements. In 1969, approximately 10 years ago, plaintiff allegedly sustained an injury in the enclosed market at Park Avenue and 111th Street. Just three days before the expiration of the Statute of Limitations in 1972, an action for personal injuries was brought in the Civil Court of the City of New York with a claim for $10,000. Issue was joined, and the defendant demanded a bill of particulars which was not supplied. Some six years later, in 1978, plaintiff moved to increase the *ad damnum* and remove the action to the Supreme Court, alleging a worsening of the original condition over the years, being a contusion and strain of the back, left side of the neck and left shoulder. In view of the length of time in which this matter has lain fallow, it was an abuse of discretion to grant the motion. While the order at Special Term provided for a physical examination by the defendant and required the plaintiff to now respond to the defendant's demand for a bill of particu-

lars, which has since been served, at this late date it would be extremely difficult for the defendant to prepare to meet a claim in a very substantial amount. *(Peterson v Spartan Ind.,* 64 AD2d 958.) This matter should now go forward in the Civil Court. Concur—Kupferman, J. P., Sandler and Silverman, JJ.

Lane and Markewich, JJ., dissent in a memorandum by Markewich, J., as follows: The majority would reverse what was an unexceptionable act of discretion. There has been nothing whatever to show that this plaintiff-appellant was prejudiced in the slighest either by the delay in this case or by the increase in *ad damnum* and removal to Supreme Court. As to the delay itself, defendant evinced less interest in moving the case along than did plaintiff, doing nothing at all about it until plaintiff moved, although it could have been the subject of a dispositive motion. As to the increase in *ad damnum,* plaintiff has shown a misdiagnosis by her original doctor, since deceased, and a relatively recent opinion by a successor doctor, showing permanence. Mere passage of time alone should not defeat what on its face is a legitimate claim.