■ In the Matter of JORGE DONES, Appellant, v NOMAD SERVICE CORP. et al., Respondents.—Order of the Supreme Court, Bronx County, entered January 6, 1978, denying appellant's motion for leave to serve an amended complaint and to transfer an action from the Civil Court of the City of New York, Bronx County, to the Supreme Court of the State of New York, Bronx County, affirmed, without costs or disbursements. Appellant, a passenger in respondents' taxicab and injured in a collision with another vehicle at an intersection on November 30, 1972, received emergency treatment at New York Hospital. He continued to receive treatment as an out-patient until December 13, 1972 and thereafter was attended by private physicians. Until that occurrence he was employed by the United States Post Office. An action for personal injuries was instituted in the Civil Court in February, 1973. The instant motion was made October, 1977. A similar motion was made in May, 1975, and the relief sought was denied on the ground that there was lacking any physical examination by respondents' physician. We find that Special Term properly exercised its discretion in denying the present motion. The medical affidavits submitted by appellant are insufficient to support his claim that he sustained a herniated intervertebral disc. Dr. Etkind's affidavit merely declares that the patient "sustained * * * signs of a herniated lower intervertebral disc". Dr. Fuertes' affidavit states that appellant "sustained a herniation (rupture) of the nucleus pulposus at L4 (fourth lumbar disc) (by history)". Nor, absent a showing of such injury, can appellant's alleged loss of earnings in sum of $45,000 be chargeable to the accident. Appellant has not demonstrated that his action could result in a verdict in excess of the monetary jurisdiction of the Civil Court (see *Poole v Hertz Corp.*, 65 AD2d 787). Furthermore, there has been no showing by the claimant, on whom the burden rests, that he could not sooner have discovered the alleged condition on which his motion is based or that new injuries have manifested themselves since the commencement of the action and he has moved as soon as practicable thereafter for the relief now sought (see *Koi v P. S. & M. Catering Corp.*, 15 AD2d 775; see, also, *Marzan v Park Ave. Enclosed Market Merchants Assn.*, 67 AD2d 849). Concur—Birns, J. P., Fein and Silverman, JJ.

Sandler, J., dissents in a memorandum as follows: Petitioner appeals from a judgment denying his application for leave to serve an amended verified complaint and to transfer the instant action from the Civil Court of the City of New York, Bronx County, to the Supreme Court of the State of New York, Bronx County. On November 30, 1972, petitioner sustained injuries when a taxicab in which he was a passenger collided with another cab. After the accident, he received emergency treatment at the New York Hospital where he was treated as an out-patient until December 13, 1972. An action to recover damages was commenced in the Civil Court, County of Bronx, by service of a copy of the summons and indorsed complaint on February 2, 1973. In support of the application to transfer the action to the Supreme Court, affidavits were submitted by petitioner, two physicians and his attorney which, in my opinion, present a compelling case for the relief requested. Petitioner stated that at the time of the accident, he was employed as a special delivery messenger by the United States Post Office and that as a result of the injuries sustained, he was incapacitated from work and has lost approximately $45,000 in salary. He further stated that he continues to experience pain in his back, radiating down into his right

leg, has difficulty in bending and lifting, and walks with a limp. Petitioner's attending physician, Dr. M. J. Fuertes, stated that petitioner came under his care and treatment on February 12, 1973 and continued under his care for a prolonged period of time. He estimated the fair and reasonable value of his medical services at $2,325. Both Dr. Fuertes and an orthopedist, Dr. Etkind, who examined petitioner on June 27, 1973 and again on June 29, 1977, described in detail their observations of petitioner and the results of their examinations. The affidavits of the two doctors confirm that petitioner has sustained on-going pain clearly referable to the accident. Dr. Fuertes concluded "that the patient as a result of his automobile accident of November 30, 1972, sustained a herniation (rupture) of the nucleus pulposus at L4 (fourth lumbar disc) (by history), and a whiplash injury at the cervical spine". Dr. Etkind found that "the patient as a result of his accident of November 30, 1972, sustained a low back derangement with right sciatica and signs of a herniated right lower intervertebral disc; whiplash injury of the neck with right paracervical myositis; cerebral concussion and post-concussion syndrome; laceration of the forehead; contusion and sprain of the right wrist and sprain of the right shoulder, and that it is the opinion of your deponent, with a reasonable degree of medical certainty, that the patient's accident of November 30, 1972, is the proximate cause and competent producing cause of the aforementioned diagnosis and injuries." In opposition to the application, respondents relied primarily on the report of Dr. Vincent Lodico, who concluded that there was no clinical evidence of a herniated disc and that "From an objective standpoint, there are no findings which would justify his continuing disability." I should have thought it clear that the evidence submitted in support of the application adequately established that petitioner may well have suffered injuries that would justify a verdict substantially in excess of the Civil Court limit. The contradictory medical report submitted by respondents at best presents a factual issue that should be resolved by a jury after trial, not by the court on motion papers. Nor does the record justify the conclusion that petitioner delayed excessively in making the application. No issue of laches was raised by respondents below and accordingly petitioner had no occasion to explain the delay which the record does disclose. Nor did Special Term rely upon that ground. In any event, it is apparent that the application was first made in May, 1975 when it was denied on the view that there should be an opportunity for a physical examination by respondents' physicians. The record provides no basis for determining which party was at fault in the delay that thereafter occurred in arranging the physical examination by Dr. Lodico. What seems clear, however, is that there was a substantial showing that petitioner suffered injuries justifying a recovery substantially in excess of that compensable in the Civil Court, and that this court's affirmance of the denial of that application may well preclude him from receiving damages appropriate to the injuries sustained. Accordingly, I dissent, and would reverse and grant the application in all respects.