■ SUSAN M. CARDY, by Her Parent and Natural Guardian, HAROLD B. CARDY, et al., Respondents, v CYNTHIA M. FREY et al., Appellants. — Order unanimously affirmed, with costs. Memorandum: Defendants appeal from an order permitting plaintiffs "to amend the bill of particulars to set forth an additional item of damage, namely traumatic epilepsy". The order also allowed further discovery of medical records and a further physical examination of the infant plaintiff by defendants. The infant plaintiff was injured in an automo-

bile accident on June 29, 1979. The summons and complaint were served on May 21, 1980 and issue was joined on June 6, 1980. The bill of particulars was served on December 9, 1980. The note of issue and certificate of readiness were filed on January 26, 1981. Prior thereto, an examination before trial had been completed and the infant plaintiff had been examined by defendants' physician. At a pretrial conference on March 30, 1981, a dispute arose as to whether plaintiffs would be allowed to prove that the infant suffered permanent traumatic epilepsy as a result of the accident. Plaintiffs immediately moved for an order which would authorize the introduction of such evidence and in support thereof submitted affidavits from plaintiffs' attorney and from the infant plaintiff's attending physician. Those affidavits demonstrate that counsel did not learn of the physician's diagnosis of posttraumatic epilepsy until March 5, 1981; that the infant plaintiff was not aware of the diagnosis until March 18, 1981; and that on March 20, 1981 plaintiffs' attorney advised defendants' attorney that proof of epilepsy would be offered at trial. In granting the motion, the court found that the infant plaintiff would be greatly prejudiced if the application were not granted and, to eliminate the prejudice to defendants which the court perceived, further discovery was authorized. In our view, the court properly exercised its discretion. Motions for leave to amend or supplement bills of particulars are governed by the same standards as those applying to motions to amend pleadings under CPLR 3025 (subd [b]) (*Kerlin v Green,* 36 AD2d 892; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3042.14a). CPLR 3025 (subd [b]) provides that a party may amend his pleadings at any time by leave of the court and that leave shall be freely given on such terms as may be just. The court is given broad discretion to grant the relief (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:4, p 476; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.14). We have repeatedly held that it is an improvident exercise of discretion to deny leave to amend a bill of particulars in the absence of inordinate delay and a showing of prejudice to the defendant (see, e.g., *Gardner v Fyr-Fyter Co.,* 55 AD2d 816; *Kerlin v Green, supra; Smith v University of Rochester Med. Center,* 32 AD2d 736). In slightly different contexts, the Court of Appeals has made it clear that it is an abuse of discretion as a matter of law to deny leave to amend pleadings in the absence of "prejudice or surprise resulting directly from the delay" (*Fahey v County of Ontario,* 44 NY2d 934, 935; *Murray v City of New York,* 43 NY2d 400; see, also, *Loomis v Corinno Constr. Corp.,* 54 NY2d 18). We have also held that where amendment to a bill of particulars "is sought on the eve of trial a plaintiff must make a further showing that the amendment is justified by submitting an affidavit pointing to the recent discovery of additional facts (usually medical) or otherwise supplying an adequate explanation for the delay". (*Gardner v Fyr-Fyter Co., supra.*) The additional burden has been imposed because of the court's concern that the certificate of readiness rule would be meaningless in the absence of such a showing (*Hernandez v Ezrow,* 24 AD2d 730). Nonetheless, whether the amendment will be permitted should be determined principally on the basis of prejudice and the extent to which delay has unfairly impacted upon defense of the cause (see, e.g., *Marzan v Park Ave. Enclosed Market Merchants Assn.,* 67 AD2d 849, 850, affd on mem below 49 NY2d 791). Although plaintiffs' motion was made on the eve of trial, the delay here may not be characterized as inordinate. The claim of epilepsy was brought to the attention of defendants and the court only two months after the note of issue and certificate of readiness were filed. Moreover, the affidavit of plaintiffs' attorney offers a valid explanation for the brief delay in informing defendants' counsel of the ultimate diagnosis of the infant plaintiff's condition. On this record, the conclusion is fairly drawn that upon being informed of the

medical diagnosis plaintiffs moved expeditiously. In assessing prejudice, it is of no consequence that a defendant may be exposed to greater liability. "Instead there must be some indication that the defendant has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position (*Wyman v Morone,* 33 AD2d 168, 172 [COOKE, J, dissenting], *supra*)." (*Loomis v Corinno Constr. Corp.,* 54 NY2d 18, 23-24, *supra*.) Here, the original bill of particulars gave graphic notice to defendants of the serious nature of the infant plaintiff's claimed injuries. It alleges: "1. Plaintiff, Susan M. Cardy suffered the following injuries: cerebral concussion; post concussion syndrome; petit mal type seizures; personality changes; laceration of forehead; retrograde amnesia; left chest trauma; prolonged depression; insomnia; inability to concentrate, deal with stress or anxiety, handle loud noises, crowds or bright lights without severe and intense headaches; neck injuries; loss of consciousness; shortness of breath upon exertion; otherwise injured. 2. It is uncertain as to what extent the injuries suffered by infant Plaintiff, Susan Cardy, will be permanent in nature. She still suffers from a post-concussion syndrome, severe and intense headaches, irritability, depression, personality changes, inability to concentrate, work under stress, and petit mal type seizures." To the extent that there is any merit to defendants' claim of surprise and prejudice arising from the belated diagnosis of "post traumatic epilepsy resulting from an injury to [infant plaintiff's] head", that concern was alleviated by the court when further discovery proceedings were permitted (see *Bernas v Kepner,* 36 AD2d 58). (Appeal from order of Supreme Court, Monroe County, Boehm, J. — amend bill of particulars.) Present — Dillon, P. J., Hancock, Jr., Callahan, Doerr and Boomer, JJ.