In the Matter of the Estate of FRANCIS H. LYONS, SR., Deceased. FRANCIS H. LYONS, III, as Administrator of the Estate of FRANCIS H. LYONS, SR., Deceased, et al., Respondents; CLARA QUANDT, Appellant. — Appeal from an order of the Surrogate's Court of Rensselaer County (Travers, S.), entered November 26, 1982, which denied a motion by objectant Clara Quandt for summary judgment dismissing the petition for probate. Francis H. Lyons, Sr., died on March 31, 1978. A grandson, Francis H. Lyons, III, petitioned the Surrogate's Court for the probate of a document dated December 31, 1974 purported to be the last will and testament of decedent. A daughter of decedent, Clara Quandt, filed objections to the probate of the document. A bill of particulars was demanded by objectant and, following an order of the Surrogate's Court, one was served. Thereafter, objectant moved to dismiss the probate petition for failure to furnish the bill of particulars as required by the court's order. Surrogate's Court then ordered a further bill of particulars setting forth more fully proponent's proof concerning the date and time of the execution of the will. A further bill of particulars was served in substance stating that proponent would rely on the date set forth in the will, December 31, 1974, and would prove that the proposed will was executed after the spring of 1973 and prior to the end of January, 1975. Objectant subsequently moved for summary judgment and her motion was denied. This appeal ensued. Objectant contends that the date the will was executed is critical to the defense

of the probate petition since decedent was approximately 93 years of age when he died and, for several years prior thereto, there were protracted periods of time when he lacked testamentary capacity. Objectant points out that both witnesses to the will testified that the will was not executed on December 31, 1974. One testified that it was executed on a warm, sunny day; the other testified he thought it was executed at the end of July and further stated it was executed in either 1974 or 1975. We are here concerned with a motion for summary judgment. To be entitled to such drastic relief, objectant had to demonstrate that there are no triable issues of fact presented (*Caliendo v Sutherland*, 92 AD2d 690). We are unable, on this record, to so conclude. While the attesting witnesses testified that the will was not executed on December 31, 1974, they both testified that it was executed after July, 1971, which would make it subsequent to the date of the will and codicil offered by objectant. While there is no statutory requirement that a will be dated (see 64 NY Jur, Wills, § 211, p 362), objectant urges that the date of the will's execution is important because her defense is based on testamentary incapacity. However, motions to amend a bill of particulars are governed by the same standards as those applying to motions to amend pleadings under CPLR 3025 (subd [b]) (*Cardy v Frey*, 86 AD2d 968). Pursuant to said statute, leave to amend should be freely given absent prejudice or surprise resulting directly from the delay (*Perkins v New York State Elec. & Gas Corp.*, 91 AD2d 1121). Thus, at this stage of the proceeding, we conclude that summary judgment was properly denied and proponent should not be precluded from establishing that the will was executed on a date different than December 31, 1974. If it is necessary for proponent to amend his bill of particulars at a future date, it will then be necessary to decide if leave to amend should be granted. Although objectant also maintains that the will was altered or mutilated, such arguments were not raised on this motion in Surrogate's Court and we will not now consider them on appeal. The order should be affirmed. Order affirmed, without costs. Sweeney, J. P., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.