■ Constance M. Bossert et al., Respondents, v Jay Dee Transportation, Inc., et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated June 12, 1984, which granted plaintiffs' motion for reargument and, upon reargument, *inter alia,* permitted plaintiffs to serve a further supplemental bill of particulars.

Order affirmed, with costs. The defendants' time within which they may conduct a further physical examination of plaintiff Constance Bossert is extended until 60 days after service upon them of a copy of the order to be made hereon, with notice of entry.

The standard governing applications to amend or supplement bills of particulars is that applicable to motions to amend pleadings under CPLR 3025 (b) *(see, Matter of Lyons,* 96 AD2d 617, 618; *Maloney v Union Free School Dist. No. 7,* 46 AD2d 789; Siegel, NY Prac § 240, at 295-296). Such motions are to be liberally granted in the absence of prejudice *(Simino v St. Mary's Hosp.,* 107 AD2d 800). On the facts in the instant case, the motion to serve a further supplemental bill of particulars was properly granted. The proposed supplemental bill updated the claim of injuries on the basis of further medical tests conducted due to the injured plaintiff's continuing complaints. The accompanying report of the injured plaintiff's treating physician causally related these injuries to the 1981 automobile accident. Absent any indication that defendants have been hindered in the preparation of their case or prevented from taking some measure in support of their position, they have failed to demonstrate how they will be prejudiced by service of the proposed supplemental bill *(see, Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23, *rearg denied* 55 NY2d 801). The fact that defendants may be exposed to greater liability does not suffice to constitute prejudice *(see, Cardy v Frey,* 86 AD2d 968, 970). Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.

■ Ronald Chaloupka, Individually and as Father and Natural Guardian of David Chaloupka, an Infant, Respon-