■ CHARLES J. LAUDICO, Respondent-Appellant, v SEARS,

ROEBUCK AND COMPANY et al., Appellants-Respondents. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: Some 18 months after filing his note of issue and statement of readiness, plaintiff moved to amend the amended complaint to increase the ad damnum clause to allege new theories of liability and to add his wife as a party plaintiff together with her cause of action for loss of services. Additionally, plaintiff requested leave to serve an amended bill of particulars.

Since the wife's cause of action for loss of services was time barred when plaintiff sought to amend, the court properly denied that request. The wife was not a prior participant in the action, and the prior pleadings gave defendants no notice that she would be asserting a claim. Under these circumstances, her cause of action could not relate back to the time the action was commenced (CPLR 203 [e]; *see, Millington v Southeastern Elevator Co.,* 22 NY2d 498, 507-508; *see also, Krellenstein v Fieldcrest Mills,* 123 Misc 2d 783).

We cannot conclude that the order permitting amendment to allege new theories of liability or to increase the ad damnum clause was an abuse of discretion *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957; *Rivera v Berkeley Super Wash,* 44 AD2d 316, *affd* 37 NY2d 395; *Stornelli v Aakron Rule Corp.,* 89 AD2d 1060; *Cardy v Frey,* 86 AD2d 968), and the court's directive that any amendment to the bill of particulars be limited to the new theories of negligence and strict liability was reasonable and proper *(Cardy v Frey, supra).*

Defendants also moved for a protective order barring further discovery, and plaintiff cross-moved to strike the note of issue and statement of readiness. The court denied both requests. We modify that portion of the court's order permitting further discovery to grant defendants' motion for a protective order. Once the note of issue and statement of readiness are filed, further discovery is precluded unless a party can demonstrate special, unusual or extraordinary circumstances spelled out in factual detail *(Giglio v Carucci,* 116 AD2d 1040; *Gray v Crouse-Irving Mem. Hosp.,* 107 AD2d 1038; *Riggle v Buffalo Gen. Hosp.,* 52 AD2d 751). A lack of diligence in seeking discovery does not constitute a special or an extraordinary circumstance *(Giglio v Carucci, supra; Doll v Kleinklaus,* 66 AD2d 1003, 1004). (Appeals from order of Supreme Court, Erie County, Joslin, J.—amended complaint.) Present—Doerr, J. P., Green, Balio, Lawton and Schnepp, JJ.