■ KENNETH LEON et al., Appellants, v CENTRAL GENERAL HOSPITAL et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Collins, J.), dated October 31, 1988, which denied their motion for leave to amend their bill of particulars and

(2) an order of the same court, dated February 17, 1989, which denied their renewed motion for the same relief.

Ordered that the orders are affirmed, with one bill of costs.

While the general rule in deciding motions for leave to amend a bill of particulars is that leave to amend is to be freely given in the absence of a showing of prejudice *(see, Maloney v Union Free School Dist. No. 7,* 46 AD2d 789), judicial discretion in allowing such an amendment on the eve of trial should be " 'discreet, circumspect, prudent and cautious' " *(Smith v Sarkisian,* 63 AD2d 780, 781, *affd* 47 NY2d 878 *for reasons stated in mem at App Div,* quoting from *Symphonic Elec. Corp. v Audio Devices,* 24 AD2d 746; *see also, Raies v Apple Annie's Rest.,* 115 AD2d 599).

The record discloses no satisfactory explanation for the belated attempt at amendment of the bill of particulars. Further, substantial prejudice to the defendants is apparent in the amendment which seeks to add a new theory of recovery which was not readily discernible from the allegations in the original complaint and bill of particulars *(see, Gutierrez v Enright,* 91 AD2d 972). In addition, the affidavit of the physician in support of the plaintiff's motion is insufficient to establish either a departure from accepted practice or connection to the alleged injury.

Accordingly, it cannot be said that the court improvidently exercised its discretion in denying the plaintiffs' motion *(see, Linares v Spencer-Cameron Leasing Corp.,* 121 AD2d 606). Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.