■ ANGELA SCHEUERMAN, an Infant, by Her Mother and Natural Guardian, DIANE SCHEUERMAN, et al., Respondents, v HEALTH AND HOSPITALS CORPORATION OF THE CITY OF NEW YORK, Appellant, et al., Defendants. [663 NYS2d 123] —In an action, *inter alia*, to recover damages for medical malpractice, the defendant Health and Hospitals Corporation of the City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated November 13, 1996, as granted the plaintiffs' motion for leave to serve an amended bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs alleged, *inter alia*, that the infant plaintiff suffered severe and permanent damage to her brain and nervous system as a result of negligent medical care by the appellant and the other defendants before, during, and after her birth. The plaintiffs' central theory is that the appellant failed to diagnose and treat an Rh incompatibility between the blood of the plaintiff mother and the blood of the infant plaintiff which resulted, *inter alia*, in excessive bilirubin accumulating in the infant plaintiff's blood. The plaintiffs sought leave to serve an amended bill of particulars alleging, *inter alia*, that the infant plaintiff, while in utero, suffered from hypoxia (insufficient

oxygen in the blood), and/or anoxia (severe hypoxia resulting in permanent damage), which in turn, *inter alia*, made her more susceptible to damage from the excessive bilirubin in her blood after birth. We affirm the Supreme Court's grant of the motion.

As is the case with pleadings, leave to amend bills of particulars is to be freely given in the absence of prejudice or surprise to the opposing party (*see, Bossert v Jay Dee Transp.*, 114 AD2d 833; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957). Here, the plaintiffs' allegations concerning hypoxia and/or anoxia, although those terms were never expressly used, were, according to the plaintiffs' main theory of recovery, *inter alia*, a natural and necessary result of the defendants' alleged failure to diagnose and treat the Rh incompatibility while the infant plaintiff was in utero and to recognize and act on signs of fetal distress, two allegations which were made from the inception of this action. Indeed, in the plaintiffs' unobjected-to opening statement at the aborted trial of this action, which occurred prior to the plaintiffs making the motion for leave to serve an amended bill of particulars, the same theory set forth in the amended bill of particulars as to a lack of oxygen to the fetus was expressly argued, albeit without use of the terms hypoxia or anoxia, and the same damages alleged. Indeed, the appellant has failed to state how it was surprised or how it will be prejudiced by the proposed amendments. Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the plaintiffs leave to serve an amended bill of particulars.

The appellant's remaining contentions are without merit. Miller, J. P., Ritter, Krausman and Goldstein, JJ., concur.