■ SALLY JACOBS et al., Respondents, v. LEON PERESS, Appellant.— Judgment unanimously vacated and a new trial ordered on the law and on the facts, with $50 costs and disbursements to defendant unless plaintiffs stipulate to reduce the verdict to $2,000 and $500, respectively, in which event judgment affirmed, with costs and disbursements to defendant. In this action for personal injuries and loss of services, a reading of the record reveals that plaintiff wife sought to attribute the effects of pre-existing conditions to the accident. While there was technical evidence that the accident was a competent producing cause of her present condition, the determination, reflected in the amount of the verdict, that the accident did in fact cause the condition, is against the weight of the evidence. Should there be a new trial, we believe that this is a case where impartial medical testimony would be particularly helpful. Also, plaintiffs' counsel in summation argued for the so-called " unit-of-time " basis for appraising damages for pain and suffering. We have previously had occasion to consider this practice (*Paley* v. *Brust*, 21 A D 2d 758) and if the case is retried a repetition of the error will not be overlooked. If a stipulation on the basis alternately provided for is made, we believe the effects of this impropriety will result in no prejudice to defendant. Settle order on notice. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ SYMPHONIC ELECTRONIC CORP., Respondent, v. AUDIO DEVICES, INC., Appellant.— Order entered July 23, 1965 granting plaintiff leave to serve an amended complaint adding an item of $34,590 in damages without prejudice to the condition of the case on the General Jury Calendar and giving leave to defendant to conduct further discovery with respect to the additional item of damage unanimously modified on the law and the facts, and in the exercise of discretion, to the extent of requiring as conditions for granting leave to serve the amended complaint that plaintiff pay the sum of $250 in costs, together with the costs and disbursements of the action to date, within 20 days after service of the order to be entered herein; and as so modified the order is affirmed, without costs and disbursements on this appeal. Although the amendment sought here is attempted five years after the action was commenced and practically at the eve of trial, plaintiff is not seeking to change the basic issues of the action. The general policy of courts is to permit amendments before trial where no prejudice will result. (CPLR 3025, subd. [b]; *Minasy* v. *Foster Wheeler Corp.*, 15 A D 2d 759.) However, where there has been a long delay and a statement of readiness has been filed, judicial discretion in allowing amendments should be " discreet, circumspect, prudent and cautious ". (See *Price* v. *Brody*, 7 A D 2d 204, 206.) Under all of the circumstances of this case, it was not an improvident exercise of discretion to grant leave to amend. However, some prejudice has resulted to defendant which requires the imposition of more stringent conditions than those imposed by Special Term. Consequently, we have added the conditions indicated above. Failure to comply with those conditions will necessitate a denial of the motion for leave to amend. Settle order on notice. Concur — Botein, P. J., Rabin, Valente, Eager and Steuer, JJ.