■ BERT G. GROSS & CO., INC., Respondent, v DAMOR REALTY CORP., Defendant, and CHARLES GOLDBERG, Appellant. (And a Third-Party Action.) —Order, Supreme Court, New York County, entered on June 8, 1977, granting plaintiff's motion for leave to serve a second amended complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, and motion denied, without costs and without disbursements. This action was commenced in October, 1973, and appellant was made a party the next month. In March, 1975, pursuant to court order, plaintiff served its first amended complaint and a note of issue and statement of readiness were served in March, 1976. Thereafter, the case was assigned to a Trial Part and appeared on the day Trial Calendar many times over a several month period. Finally, in May, 1977, following another adjournment, the present motion was made. While CPLR 3025 (subd [b]) does provide that "Leave [to amend pleadings] shall be freely given", this does not mean that such leave must be granted in the absence of any semblance of an excuse for the delay involved. Plaintiff, in its brief to this court states that "the record in this action indicates that the cause of action for breach of contract against Goldberg is not based on any new factual material but was the subject of testimony at Gross' examination before trial in 1973". Plaintiff having admittedly possessed such knowledge since at least 1973, it could not merely sit back and await the eve of trial before moving to again amend the complaint so substantially. Concur—Lupiano, J. P., Silverman, Capozzoli and Lane, JJ.

■ CONSTANCE BARRETT, on Behalf of Herself and Her Nine Children, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order, Supreme Court, New York County, entered May 6, 1977, unanimously affirmed, without costs and without disbursements. This is a proceeding to compel compliance with a nonjudicial subpoena duces tecum, where the New York City Housing Authority seeks to terminate the tenancy of the petitioner on the basis of nondesirability because of complaints of other tenants. The petitioner sought information in depth from the files of the New York City Housing Authority with respect to four people in the project. At this stage, when it cannot be determined who the witnesses or what the evidence will be, the files of the New York City Housing Authority should not be invaded. The proper procedure will be an application to the New York Housing Authority's hearing officer, in which relevant and material records are sought with respect to those that may testify, and which records will be described with reasonable particularity. This subpoena is premature and too broad. Concur—Kupferman, J. P., Evans, Lane and Lynch, JJ.