■ ARTHUR G. SMITH, Appellant, v GEORGE SARKISIAN et al., Respondents.—Appeal from (1) an order of the Supreme Court at Special Term, entered March 24, 1977 in Broome County, which granted a motion for summary judgment dismissing the complaint, and (2) the judgment entered thereon. The plaintiff's original complaint alleges that in 1964 plaintiff and the individual defendants entered into an agreement to form a corporation; that said corporation was formed and that, pursuant to the agreement, 100

shares of stock were issued, 51 going to the individual defendants and 49 to plaintiff; that the parties also made an employment contract hiring plaintiff at a weekly salary and giving him a monthly bonus based upon his stock ownership in the corporation. Plaintiff further alleged that in April, 1965 he was fraudulently induced by defendants to execute an instrument represented to him as being a transfer of 48 of his shares "for tax purposes", but which, in fact, was a certificate issuing 10,000 shares of the corporation's stock to defendant, Sarkisian Brothers, Inc., thus seriously diluting the plaintiff's ownership in the company. Several months after service of the original complaint, plaintiff moved and was granted leave to serve an amended complaint and in each of the complaints sought relief under a fraud theory. In January, 1977, plaintiff moved again for leave of the court to amend his complaint. The defendants opposed the motion and cross-moved for summary judgment on the ground that the action for fraud was barred by the Statute of Limitations. Special Term disregarded plaintiff's motion to amend and granted the defendants' cross motion for summary judgment dismissing the complaint. On appeal the plaintiff first contends that Special Term erred in dismissing the complaint because the Statute of Limitations had not run since discovery of the fraud by the plaintiff. We disagree. The Statute of Limitations for fraud is six years from the date of commission of the act or two years from the date of discovery, whichever is longer (CPLR 203, subd [f]; 213, subd 8; *Rutland House Assoc. v Danoff,* 37 AD2d 828). The fraud complained of took place in 1965. The testimony of the plaintiff at an examination before trial reveals that he learned of the fraud at least as early as sometime in 1970. This action was commenced in May of 1974. Thus, the plaintiff's action for fraud is clearly time-barred. Plaintiff's second contention is that Special Term was in error in finding it "unnecessary to discuss the motion to amend the complaint because of the holding that plaintiff's action for fraud is time-barred" for the reason that the proposed amended complaint set forth a cause of action sounding in contract. Assuming but not conceding that this is true, permission to amend should be denied. The transaction complained of occurred in 1965; the original complaint was served in May of 1974; an amended complaint was served in December of 1975; note of issue and statement of readiness were served in March of 1976 and the instant motion to amend was not made until February of 1977. When a case has long been certified as ready for trial, judicial discretion in allowing amendments should be "discreet, circumspect, prudent and cautious" *(Symphonic Electronic Corp. v Audio Devices,* 24 AD2d 746). Where a plaintiff has been guilty of an extended delay in moving to amend, an affidavit of reasonable excuse for the delay in making the motion and one of merit should be submitted in support of the motion *(Walter v LeCesse Corp.,* 54 AD2d 1136; *Boehm Dev. Corp. v State of New York,* 42 AD2d 1018). Moreover, leave to amend is correctly denied on the ground of laches where plaintiff has been for a long period of time aware of the facts of the proposed cause of action *(Saturno v Yanow,* 50 AD2d 1097). Here, the transaction complained of occurred more than 11 years before the last motion to amend and no reasonable explanation is presented nor is merit demonstrated. We are not unmindful that the granting of such a motion is addressed to the court's discretion, that the trend is to liberally permit amendments to pleadings and that the statute so provides (CPLR 3025, subd [b]). However, the delay here, unreasonable and inadequately explained, is intolerable and the prejudice to the defendants is obvious. Accordingly, granting of permission to amend under these circumstances would have been an improvident exercise of discretion. Order and

judgment affirmed, with costs. Mahoney, P. J., Main and Herlihy, JJ., concur; Mikoll, J., dissents and votes to modify in the following memorandum; Greenblott, J., not taking part. Mikoll, J. (dissenting). I respectfully dissent. The Court of Appeals in *Steiner v Wenning* (43 NY2d 831), a case remarkably similar to the case at hand, set aside a dismissal of a complaint which had sounded in tort and the answer to which, in addition to a general denial, pleaded the three-year Statute of Limitations. Plaintiff's counsel moved to amend the complaint at trial after selection of a jury to allege a cause of action sounding in contract rather than one sounding in tort. The trial court denied the motion to amend and granted the motion to dismiss the action as time-barred. The Appellate Division affirmed the trial court. In its decision, the Court of Appeals held that since the complaint stated a good cause of action in contract without any. amendment and sought no greater recovery than would be allowed under the law of damages with respect to contract liability, it was error then to apply a three-year Statute of Limitations and the complaint should not have been dismissed. Here the trial court dismissed the complaint applying the statutory limitation applicable to a cause of action in fraud. The complaint, in the second cause of action, sets forth facts alleging a breach of a contract of employment and demands money damages. Plaintiff claims he was entitled to a yearly bonus which he was never paid for the 10 years of his employment. Plaintiff, if successful, could recover for the preceding six years to 1974 when the complaint was served. Although there was delay in moving to amend here, the delay was not prejudicial since the defendant had knowledge of the facts underlying the breach of contract action from the time the original complaint was served and the amendment merely seeks to set forth an additional theory of law based on those facts. The judgment and underlying order appealed from should be modified to grant plaintiff's motion for leave to amend the complaint so as to demand relief for breach of contract and, as modified, otherwise affirmed.