■ FRANK PERRICONE, Respondent, v CITY OF NEW YORK, Appellant, and JOHN T. BRADY & Co., Defendant and Third-Party Plaintiff-Appellant. FMC CORPORATION, Doing Business as LINK BELT DIVISION OF FMC CORPORATION, Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rader, J.), dated November 24, 1981, which, *inter alia,* granted plaintiff's motion for leave to serve an amended notice of claim, an amended complaint and a supplemental and amended bill of particulars, directed the defendants to appear for an examination before trial, and denied the defendant City of New York's cross motion to sever and dismiss the plaintiff's complaint as against it. The appeal of the defendant city brings up for review so much of an order of the same court, dated January 7, 1982, as,

upon reargument of its cross motion, adhered to the original determination. Appeal by the defendant city from so much of the order dated November 24, 1981 as denied its cross motion, dismissed. That portion of the order dated November 24, 1981 was superseded by the order dated January 7, 1982, made upon reargument. Order dated January 7, 1982 reversed insofar as reviewed, and upon reargument, and upon appeal by defendant Brady, order dated November 24, 1981 reversed, on the law, with one bill of costs, cross motion of the defendant city granted, plaintiff's complaint dismissed as against the defendant city, plaintiff's motion denied as academic insofar as it seeks relief against said defendant, action severed as to defendant John T. Brady & Co. (hereinafter Brady), and plaintiff's motion denied insofar as it seeks relief against said defendant. On October 29, 1970 plaintiff, a millwright, whose job it was to set up moveable machinery, was working for the third-party defendant FMC Corp., doing business as Link Belt Division of FMC Corp. (hereinafter Link Belt), a subcontractor of defendant Brady which was constructing a water pollution control plant for the defendant City of New York. Plaintiff's complaint, as amplified by his bill of particulars, alleges that in order to reach his work destination he had to walk over several deep pits covered with railroad tracks stacked in pyramid fashion. He stepped on one of these pyramids but the tracks were not properly balanced. As a result, he slipped and fell into a pit approximately 26 feet below, thereby sustaining severe injuries. The action against the city was commenced by the service of a summons with notice on May 17, 1971. That document indicated that plaintiff sought $200,000 in damages for personal injuries. Plaintiff's notice of claim, which is dated December 21, 1970, sought to recover $100,000. According to an affidavit sworn to on May 18, 1971, plaintiff served a summons and complaint upon one Melvin Weinberg, supervising attorney for the city on May 17, 1971. No answer was interposed by the city in response thereto. The action against Brady was commenced by service of a summons on July 20, 1971. Service of the complaint was effected on Brady April 11, 1973, after Brady had moved to compel service. By that pleading, $50,000 in damages was sought from both defendants. Some discovery took place in 1975, and a statement of readiness and note of issue were filed in 1979 after a written demand for resumption of prosecution had been made by defendant Brady. On or about July 23, 1979, the city filed a demand for a jury trial and on October 15, 1981 the action was placed on the Trial Calendar. On or about October 21, 1981, plaintiff moved for leave to serve an amended notice of claim against the city, leave to serve an amended complaint and a supplemental and amended bill of particulars, and for an order compelling the examination before trial of defendants. The city cross-moved to sever and dismiss the action as against it, on the ground that it had never been served with a complaint. Special Term granted the relief requested by plaintiff and denied the city's cross motion to dismiss. We reverse. CPLR 3215 (subd [c]) provides in pertinent part: "Default not entered within one year. If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned * * * upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed". It is undisputed that no answer was served by the city. Although the city claims not to have been served with a complaint, we need not consider this issue as plaintiff alleges that service of a complaint upon the city was effectuated in 1971 and yet he took no proceedings for the entry of judgment within one year after the city defaulted in answering. As plaintiff has not set forth any excuse for the failure to enter a default judgment against the city, the action against that defendant is dismissed pursuant to CPLR 3215 (subd [c]) (see *Shepard v St. Agnes Hosp.*, 86 AD2d 628). As to the action against defendant Brady, we

are of the opinion that Special Term erred in permitting plaintiff to reopen discovery at this late date. Plaintiff was required to demonstrate that "unusual or unanticipated circumstances had developed subsequent to the filing of a note of issue and statement of readiness to require additional pretrial proceedings" (*Holbin v Port Auth. of N. Y. & N. J.,* 88 AD2d 990; 22 NYCRR 103.4, 675.7). No such showing was made at bar. Similarly, it was error to have granted plaintiff's request to serve an amended complaint which sought to increase his *ad damnum* clause to $2,000,000 against Brady on the claim of negligence, to add a $5,000,000 claim against Brady for punitive damages, and to have granted his request for leave to serve an amended and supplemental bill of particulars. Although the general rule is that leave to serve amended pleadings "shall be freely given upon such terms as may be just" (CPLR 3025, subd [b]), "[w]hen a cause has long been certified as ready for trial, judicial discretion in allowing amendments should be 'discreet, circumspect, prudent and cautious' (*Symphonic Electronic Corp. v Audio Devices,* 24 AD2d 746). Where a plaintiff has been guilty of an extended delay in moving to amend, an affidavit of reasonable excuse for the delay in making the motion and one of merit should be submitted in support of the motion" (*Smith v Sarkisian,* 63 AD2d 780, 781, affd for reasons stated in mem at App Div 47 NY2d 878; see, also, *Barker v Goode,* 85 AD2d 922). As neither an affidavit of merit nor one evidencing a reasonable excuse by plaintiff for his very extensive delay has been submitted, Special Term erred in granting the relief requested by plaintiff. Further, to permit a new and separate claim for punitive damages violates the rule that such damages may not be sought by way of a separate cause of action (*Fox v Issler,* 77 AD2d 860; *Schwed v Turoff,* 73 AD2d 615). Finally, we observe that the record of the prosecution and defense of this litigation is considerably worse than that found in *Kantrowitz v Adelsberg* (87 AD2d 811, affd for reasons stated in mem at App Div 57 NY2d 629), wherein this court found that "Special Term abused its discretion in exercising a consistent course of neglect as egregious [as the one in that case]". Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.