SECOND DEPARTMENT, DECEMBER, 1984

(December 3, 1984)

■ ELAINE BERTAN, Respondent, v RICHMOND MEMORIAL HOSPITAL AND HEALTH CENTER et al., Appellants. — In an action to recover damages for medical malpractice, defendants separately appeal from so much of an order of the Supreme Court, Richmond County (Sullivan, J.), dated January 12, 1984, as (1) granted plaintiff's motion to amend her complaint to include allegations of injury and malpractice during a second hospitalization and surgical procedure not mentioned in her original complaint and bills of particulars as involving any negligent treatment, and (2) denied defendants' motions for summary judgment asserting that the amendment constitutes a new cause of action barred by the Statute of Limitations.

Order reversed, insofar as appealed from, with one bill of costs, plaintiff's motion denied, defendants' motions dismissed as academic, and matter remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.

After this medical malpractice action had come on for trial and the jury had been sworn, the trial court ordered a traverse hearing based upon defendants' claims that they had never been served with plaintiff's supplemental bill of particulars and had seen it for the first time at trial. The supplemental bill, allegedly served in June, 1980, sought to add additional allegations of malpractice during plaintiff's first hospitalization and surgery

at defendant hospital which were pleaded in the original complaint and bills of particulars, and, in addition, allegations of malpractice during a second, separate admission and surgical procedure at said hospital which had not been mentioned in the original complaint or bills of particulars. The trial court held, following the traverse hearing, that defendants had failed to overcome the presumption of service raised by plaintiff's affidavit of service. It further concluded, however, that the bill sought to raise a new cause of action and was consequently without effect since plaintiff had not obtained leave of the court prior to its service.

Immediately upon the resumption of the trial, plaintiff moved to amend her complaint to add these allegations. After extensive colloquy, the court granted plaintiff's motion to amend her complaint and also granted defendants' ensuing motions to amend their answers to assert affirmative defenses of the Statute of Limitations and granted a mistrial. Defendants' motions for summary judgment based on the Statute of Limitations were denied and the action was struck from the Trial Calendar.

The record clearly indicates that the primary object of plaintiff's amendments was to open the door to proof that plaintiff's injury, a severed ureter, was initially suffered not during the first hospitalization and surgery, but rather during the second hospitalization and surgical procedure, which was performed at defendant hospital by another physician, a Dr. Calta, who was assisted by defendant Dr. Weinstein. Equally manifest upon this record is the fact that defendants had come to trial prepared to defend only with respect to the first hospitalization and surgery.

Generally, amendments to pleadings are to be liberally granted (CPLR 3025, subd [b]). However, where, as here, an action has long been certified ready for trial, judicial discretion in allowing such amendments should be " ' "discrete, circumspect, prudent and cautious" ' " (*Perricone v City of New York,* 96 AD2d 531, 533 [quoting *Symphonic Electronic Corp. v Audio Devices,* 24 AD2d 746], affd 62 NY2d 661). By her counsel's own admission, plaintiff had full knowledge of these new allegations at least since 1980 and, in the absence of good cause for the failure to move to amend at an earlier date, the amendment should have been denied on the ground of gross laches alone (*Jochnowitz v Sheehan,* 42 AD2d 707).

While it may not be an abuse of discretion to grant such amendments where no prejudice to the opposition will result (*Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23; *McCaskey Davies & Assoc. v New York City Health & Hosps. Corp.,* 91 AD2d 516, mod on other grounds 59 NY2d 755), at bar

defendants have demonstrated that they have been prejudiced in the preparation of their defense. The record indicates that defendants were prepared to defend only against the substance of the original pleadings as limited by the original bills of particulars. Indeed, the pretrial medical malpractice panel, which considered the case after plaintiff's alleged service of her supplemental bills, considered only that first hospitalization. Plaintiff's conjecture that defendants' trial strategy was founded on showing that her injury was a result of the malpractice of a nondefendant physician during the second hospitalization and surgery further erodes her position as it indicates that a cornerstone of the defense may suddenly be transformed into a basis of liability as a result of these amendments.

Throughout these proceedings, plaintiff's counsel maintained that the proposed amendment sought only to allow plaintiff to prove that her condition was exacerbated during the second hospitalization. If this were truly the case, plaintiff's original pleadings would have adequately served that purpose. Plaintiff's original bills of particulars listed the second hospitalization, among others, as a series of corrective procedures she had undergone which had worsened her condition. The defendants here would also be liable for any exacerbation caused by the successive negligence of Dr. Calta (*Dubicki v Maresco,* 64 AD2d 645, 646; *Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267). If, on the other hand, plaintiff's injuries were initially caused during the later procedure, neither defendant would be liable as he had not been put on notice that he was to be held directly responsible for anything that occurred during that hospitalization.

In addition, where a plaintiff is guilty of an extended delay in moving to amend, the trial court should insure that the amendment procedure is not abused by requiring from the proponent an affidavit or showing of merit, in this case from a physician, and an affidavit or showing of excuse for the delay (*Eggeling v County of Nassau,* 97 AD2d 395; *Perricone v City of New York,* 96 AD2d 531, *supra; Smith v Sarkisian,* 63 AD2d 780, affd 47 NY2d 878 for reasons stated in mem at App Div). No demonstration of merit was made here.

Since we have determined that the trial court erred in granting leave to amend the complaint, the other contentions raised on appeal with regard to the Statute of Limitations become academic. The matter should be restored to the Trial Calendar forthwith. Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.