■ Charles Cummings et al., Appellants, v Domenico Calascione, Respondent.—In an action to recover damages for personal injuries, etc., sustained in an automobile accident, the plaintiffs appeal from (1) a judgment of the Supreme Court, Kings County (Levine, J.), entered January 22, 1985, which, upon an order granting the defendant's motion to dismiss the complaint, is in favor of the defendant and against them, and (2), as limited by their brief, from so much of an order of the same court dated June 4, 1985, as, upon reargu-

ment, adhered to its original determination dismissing the complaint and denied as moot the plaintiffs' motion to renew and reargue an order precluding the introduction of evidence of earnings.

Ordered that the appeal from the judgment entered January 22, 1985, is dismissed, as that judgment was superseded by the order dated June 4, 1985, made upon reargument; and it is further,

Ordered that the order dated June 4, 1985, is modified by deleting from the third decretal paragraph thereof the words "the defendants" and "and ALBERT CALASCIONE". As so modified, the order is affirmed insofar as appealed from, and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiffs orally moved to amend their complaint after the jury had been selected in order to assert new facts and a new theory of liability under Vehicle and Traffic Law § 388 (1). The complaint alleged that the defendant owned and operated the car that struck plaintiffs' car. The proposed amendment would have alleged instead that Albert Calascione was the driver and that he operated the car with the defendant owner's consent. The plaintiffs offered no excuse for the delay of more than three years in seeking this amendment, and no deposition of the driver was ever taken. Under these circumstances, and considering the prejudice to the defendant of such an amendment at this stage of the proceedings, we do not find that the denial of the motion was an abuse of discretion (see, Bertan v Richmond Mem. Hosp. & Health Center, 106 AD2d 362).

Since it was undisputed that Albert Calascione was the driver of the car at the time of the accident, the trial court properly granted the defendant's motion to dismiss the complaint for failure to make out a cause of action against the defendant under Vehicle and Traffic Law § 388 (1). In light of our decision, it is unnecessary to reach the plaintiffs' other contentions. We have modified the order dated June 4, 1985, to delete the provision for judgment in favor of Albert Calascione, since he is not a party to this action. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.