■ BALPORT CONSTRUCTION Co., INC., Appellant, v NEW YORK TELEPHONE COMPANY, Respondent.—In an action to recover the balance due under a written construction contract, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated April 22, 1986, which, after a nonjury trial, is in favor of the defendant and against it.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, and a new trial is granted, with costs to abide the event.

This action arises from a contract dispute between Balport Construction Co., Inc. (hereinafter Balport) and the New York Telephone Company (hereinafter NY Tel). Balport claims that the terms of the written contract at issue entitle it to receive payment for certain work it performed under the contract. While NY Tel does not deny that the work was satisfactorily completed, it maintains that payment for the disputed items was included in the sum already tendered to Balport.

In a letter dated September 12, 1980, NY Tel invited Balport, a firm included on a list of qualified prospective contractors used by NY Tel for bidding on its construction projects, to submit a bid on a certain project to install underground conduits and manholes. Together with its invitation to bid, which expressly advised prospective bidders to familiarize themselves with NY Tel's specifications, terms and conditions, which, as qualified contractors, they were required to maintain on file, NY Tel forwarded to Balport a bid form, which stated that "General Specifications for above items are contained in 'Specifications for Installation of Manholes and Conduits', *lastest [sic] revision,* and shall apply except where superseded by Special Notes or Specifications for this contract".

After reviewing the bid invitation and form, Balport estimated the cost of the job, completed the bid form and submitted the bid to NY Tel on September 26, 1980. Balport's bid was accepted and the contract, designated a "Contractor Order", was signed by NY Tel and Balport on October 2, 1980, and October 7, 1980, respectively. By its express terms, the contract makes reference to and incorporates certain contract specifications, terms and conditions as follows:

"DRAWINGS AND SPECIFICATIONS which are hereby made a part of this contract: New York Telephone Company—Contract Specifications, Terms and Conditions for the Installation of Conduit and Manholes, Dated June, 1971—*Last revised January, 1973* Specifications accompanying the bid and Print 3888—101, 102, 103, 104, 105, 106. * * *

"This contract expressly includes all of the 'Contract Terms and Conditions' and Special Conditions attached hereto, together with the Drawings and Specifications, if any, above enumerated; all of which are as fully a part of the contract as if hereto attached or herein repeated * * * This contract contains the entire agreement between the parties and may not be modified except in writing and duly executed by both parties" (emphasis added).

That portion of the contract which states that the last revision to the specifications was made in January of 1973 is the focus of the parties' dispute. In fact, the contract specifications were last revised in June 1980 with an interim revision in September 1979.

NY Tel maintains that the 1979 revision governs the payment dispute. Balport, while acknowledging that it had received and consulted the more recent revisions, in accordance

with its obligations as a qualified contractor, argued that the specific wording of the contract, as well as the nature of the contract, caused it to disregard the substance of the 1979 revision and that, by the terms of the contract, it was entitled to payment for the disputed items.

By summons and complaint dated December 22, 1981, Balport alleged that pursuant to the contract, it performed work, labor and services in the amount of $622,310.63 and although due demand was made therefor, the defendant refused to pay the sum of $126,101.20. The defendant's answer consisted of denials and alleged that the plaintiff was fully and completely paid all amounts due.

The plaintiff's motion for summary judgment was denied by order dated February 6, 1984, and, during the pendency of the appeal from that order, the action was certified ready for trial on June 21, 1984. On the appeal from the order dated February 6, 1984, the defendant urged, for the first time, that the court should exercise its equitable power of reformation because the reference to the 1973 revision rather than the most recent 1980 revision was the result of a mistake, a scrivener's error. Cognizant of the procedural deficiency of its claim inasmuch as it had not made an affirmative demand for reformation before the court of first instance, NY Tel stated that if this court affirmed the denial of summary judgment, it would, upon remittitur, seek leave to amend its answer to request reformation of the contract. By order dated May 28, 1985, this court affirmed the order denying summary judgment *(Balport Constr. Co. v New York Tel. Co.,* 111 AD2d 360). Upon this court's affirmance of that order, the defendant did not seek leave to amend its answer.

At the commencement of the trial over four months later, NY Tel moved to amend its original answer to add the affirmative defense and/or counterclaim for reformation of the contract "to include the 1979 specifications and conditions in the contract" on the basis that as a result of a scrivener's error, the contract as executed did not represent "the actual intent and agreement of the parties". Over the plaintiff's counsel's vehement objections, predicated upon laches and prejudice, the trial court granted the motion, concluding that the plaintiff would not thereby be prejudiced. We believe that in so ruling, the trial court abused its discretion.

In general, amendments to pleadings are to be liberally granted (CPLR 3025 [b]). Where, however, an action has long been certified ready for trial, judicial discretion in allowing such amendments should be " ' "discrete, circumspect, pru-

dent and cautious" ' " *(Perricone v City of New York,* 96 AD2d 531, 533, *affd* 62 NY2d 661; *Symphonic Elec. Corp. v Audio Devices,* 24 AD2d 746; *see, Bertan v Richmond Mem. Hosp. & Health Center,* 106 AD2d 362).

Despite having been aware of the facts upon which the motion was predicated since at least the day the suit was instituted, the defendant failed to interpose its reformation defense until nearly four years later, remaining mute as to the possibility of such a claim throughout the discovery process. Moreover, even after having represented to this court that it would, upon remittitur, seek leave to amend its answer, NY Tel again delayed in pursuing this claim until the beginning of trial. This course of inaction validly led Balport to the conclusion that the claim would not be asserted, and, in turn, foreclosed the possibility of discovery on this matter. Furthermore, the defendant failed to offer any excuse for its lengthy delay *(see, Bertan v Richmond Mem. Hosp. & Health Center, supra,* at 364; *Young v Zwack, Inc.,* 98 AD2d 913).

The prejudice inherent in a situation where an "egregiously dilatory party" (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.15) is permitted to add a defense that adds significant factual allegations requiring further investigation, inasmuch as "the opponent may find that much of his preparation has been for naught and that further preparation required by the proposed amendment is seriously hampered by the lapse of time" (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.15), has been realized by this plaintiff. Accordingly, reversal is warranted *(see, Murray v City of New York,* 43 NY2d 400, *rearg dismissed* 45 NY2d 966; *Lane v D'Angelos,* 108 AD2d 727; *Fulford v Baker Perkins,* 100 AD2d 861; *De Fabio v Nadler Rental Serv.,* 27 AD2d 931). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.