■ VINCENT GALLO et al., Respondents, v SALVATORE AIELLO, Appellant, et al., Defendant.—In an action to recover the amount due and owing on loans made by the plaintiffs to the defendants, the defendant Salvatore Aiello appeals from an order of the Supreme Court, Kings County (Lodato, J.), dated September 24, 1987, which denied his motion to amend his answer to plead the Statute of Frauds as an affirmative defense.

Ordered that the order is affirmed, with costs.

The defendant Salvatore Aiello moved for leave to amend his answer to assert the Statute of Frauds as an affirmative defense over five years after issue was joined and while the action was on the Trial Calendar with a firm trial date. The movant speciously attributed the delay to the plaintiffs. The defense counsel contended that he was unaware of the applicability of the defense of the Statute of Frauds because the plaintiffs never disclosed the terms of repayment to enable him to ascertain if the oral agreement fell within the scope of General Obligations Law § 5-701 (a) (1). Assuming, arguendo, that counsel could not obtain the relevant facts regarding the loan transactions from his own clients, a review of the record discloses that he acquired sufficient information from the plaintiffs to assert such a defense almost four years prior to making the instant motion. In the interim, the codefendant Carmela Aiello, the wife of the movant, died.

Generally, amendments to pleadings are to be liberally granted (CPLR 3025 [b]). However, where, as here, an action has long been certified ready for trial, judicial discretion in allowing such amendments should be " ' " 'discreet, circumspect, prudent and cautious' " ' " *(Bertan v Richmond Mem. Hosp. & Health Center,* 106 AD2d 362, 363, quoting from *Perricone v City of New York,* 96 AD2d 531, 533, *affd* 62 NY2d 661). Furthermore, where a party is guilty of extended delay

in moving to amend, the court should insure that the amendment procedure is not abused by requiring a reasonable excuse for the delay and an affidavit of merit *(see, Bertan v Richmond Mem. Hosp. & Health Center, supra)*. In view of the extensive, inexcusable delay on the part of the movant in seeking leave to amend the answer on the eve of trial *(see, Bertan v Richmond Mem. Hosp. & Health Center, supra; Dwyer v City of Syracuse, 61 AD2d 1132)*, the absence of an affidavit of merit *(see, Bertan v Richmond Mem. Hosp. & Health Center, supra; Smith v Sarkisian, 63 AD2d 780, affd 47 NY2d 878)*, and prejudice to the plaintiffs, i.e., their inability to depose the codefendant Carmela Aiello in light of her death *(see, De Fabio v Nadler Rental Serv., 27 AD2d 931)*, the court did not abuse its discretion in denying the requested relief. Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.