■ Iris Bosch, as Administratrix of the Estate of Myra Bosch, Deceased, et al. Respondents, v City of New York et al., Appellants, et al., Defendant. (And a Third-Party Action.) —Order of the Supreme Court, Bronx County (Howard R. Silver, J.), entered March 1, 1988, which in a medical malpractice action granted plaintiffs' motion to amend their bill of particulars to embrace claims of malpractice occurring prior to those originally set forth in the complaint, unanimously reversed, on the law, on the facts, and in the exercise of discretion, and the motion to amend the bill of particulars is denied, without costs.

In a wrongful death action alleging that the plaintiffs' decedent died on or about September 24, 1979 as a result of malpractice at Jacobi Hospital, the complaint alleged in relevant part that "on or about the 13th day of May, 1979, plaintiffs' decedent Myra Bosch, came under the medical care and attention of defendant Jacobi Hospital, its agents, servants and/or employees."

On September 14, 1981, plaintiffs served a verified bill of particulars which alleged in pertinent part that the "[d]ates of the alleged negligent acts and/or omissions are: May 13, 1979, May 18, 1979, August 14, 1979, August 21, 1979 and August 22, 1979."

Some three months later, on December 31, 1981, plaintiffs served a further verified bill of particulars which in no way added to the dates of alleged malpractice previously asserted. Again, in December 1985, plaintiffs served a supplemental bill of particulars which also alleged no dates of malpractice beyond the 1979 dates set forth in the original bill.

On October 28, 1987, after a note of issue had been filed, and on the eve of trial, plaintiffs served a proposed supplemental bill of particulars alleging for the first time that acts of malpractice were committed on August 19, 1977, October 27, 1977, November 17, 1977, and also on May 5 and May 13, 1978.

The defendants City of New York and New York City Health and Hospitals Corporation moved to vacate that bill. The court (Bertram Katz, J.), in a memorandum decision dated November 19, 1987, granted the defendants' motion. Some six weeks later plaintiffs moved for leave to serve their

amended bill of particulars. In a decision and order dated February 29, 1988, from which this appeal is taken, the court (Howard R. Silver, J.) granted that motion.

The record discloses no satisfactory explanation for so belated an amendment to the bill of particulars and one which significantly expands the theory of liability. Prejudice to the defendants is apparent in an amendment which requires them, almost eight years after the commencement of the lawsuit, and on the eve of trial, suddenly to confront claims of malpractice occurring some 10 years previously.

In granting plaintiffs' motion to amend, the court relied on the circumstance that during the course of the deposition of the decedent's mother she was questioned in some detail about her medical history prior to the 1979 series of visits to Jacobi Hospital which had been specified in the bill of particulars as the dates of alleged malpractice. Although it is understandable that the court should attach some importance to that aspect of the deposition, it does not seem to us to follow from the circumstance that counsel for the defendants was aware of the possible relevance of the earlier visits to the acts of malpractice alleged in the complaint and the bill of particulars that he was on notice that the defendants would be required to meet a claim of liability based upon alleged malpractice occurring during those visits.

It is true that in an affidavit plaintiffs' expert expresses the opinion that acts of malpractice relevant to the ultimate death of the decedent occurred during those earlier visits, and that the medical history of the earlier visits discloses symptoms relevant to the later treatment and consistent with the condition apparently disclosed during the later visits as to which malpractice was asserted in the complaint. In concluding that the record does not justify allowing at such a late date so significant an addition to the claims against the defendants, we of course do not mean to suggest that the events concerning the prior visits and the symptoms disclosed by the medical records would not be relevant at trial in evaluating whether or not the defendants were guilty of the malpractice alleged in the complaint and in the original bill of particulars.

In light of the foregoing, we think it unnecessary to determine whether or not the proposed amendment would not independently be barred by the Statute of Limitations. Concur —Murphy, P. J., Sandler, Carro, Milonas and Rosenberger, JJ.