■ JOHN SIMPSON et al., Appellants, v BROWNING-FERRIS INDUSTRIES CHEMICAL SERVICES, INC., Respondent. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Leviss, J.), dated March 17, 1987, which denied their motion to amend their bill of particulars.

Ordered that the order is affirmed, with costs.

While the general rule is that leave to amend "shall be freely given upon such terms as may be just" (CPLR 3025 [b]), judicial discretion in allowing such an amendment on the eve of trial should be " 'discreet, circumspect, prudent and cautious' " *(Smith v Sarkisian,* 63 AD2d 780, 781 *[affd* 47 NY2d 878 *for reasons stated in mem at App Div],* quoting from *Symphonic Elec. Corp. v Audio Devices,* 24 AD2d 746; *see also, Raies v Apple Annie's Rest.,* 115 AD2d 599). Initially, it should be noted that the plaintiffs made no effort to explain the delay in seeking to amend their bill of particulars on the eve of trial some 6½ years after the date of the accident, 3½ years after the original bill of particulars was served and 2½ years after the completion of examinations before trial *(see, Perricone v City of New York,* 96 AD2d 531). Moreover, the proposed amendment sought to add a new theory of recovery which was not readily discernible from the allegations in the original complaint and bill of particulars *(see, Gutierrez v Enright,* 91 AD2d 972).

Accordingly, it cannot be said that the Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion *(see, Linares v Spencer-Cameron Leasing Corp.,* 121 AD2d 606). The plaintiffs, who admittedly possessed the facts underlying the proposed amendment since 1984, could not merely sit back and await the eve of trial before moving to amend the bill of particulars in such a substantial manner *(see, Gross & Co. v Damor Realty Corp.,* 60 AD2d 541). Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.