■ PATRICIA DUBISSETTE et al., Appellants, v DORA DAVIS et al., Respondents.

In October of 1987, approximately one year after the note of issue had been filed, the plaintiffs moved for leave to amend their bill of particulars. The plaintiffs alleged that the plaintiff Patricia Dubissette sustained an injury in November of 1986 which aggravated the injuries she had originally sustained in 1984, when she was involved in the automobile accident which

gave rise to this lawsuit. The plaintiffs' supporting papers provided no excuse for the delay in seeking leave to amend and included no factual description of how the 1986 injury occurred. Notably, a review of the proposed amended bill and the papers submitted in support of the application discloses allegations of additional injuries and a further claim that the 1986 injury aggravated the original injuries in such a way that they have now been rendered permanently disabling. The Supreme Court denied the plaintiffs' motion. One year after the motion was denied, the Supreme Court adhered to the original determination after granting reargument. We affirm.

While CPLR 3025 (b) states that leave to amend "shall be freely given upon such terms as may be just", judicial discretion in allowing such an amendment on the eve of trial should be " 'discreet, circumspect, prudent and cautious' " *(Smith v Sarkisian,* 63 AD2d 780, 781, *affd* 47 NY2d 878 *for reasons stated in mem at App Div,* quoting from *Symphonic Elec. Corp. v Audio Devices,* 24 AD2d 746; *see also,* CPLR 3042 [g]; *Simpson v Browning-Ferris Indus. Chem. Serv.,* 146 AD2d 769; *Raies v Apple Annie's Rest.,* 115 AD2d 599). In light of the lateness of the plaintiffs' application, the absence of any excuse for the delay and the material fashion in which the plaintiffs seek to amend their bill of particulars, we discern no improvident exercise of discretion in the Supreme Court's decision to deny leave to file the amended bill. Brown, J. P., Rubin, Kooper and Harwood, JJ., concur.