■ STEPHEN DAVIDIAN, by His Parent and Natural Guardian, Ann Davidian, et al., Respondents, v COUNTY OF NASSAU et al., Appellants. (And a Third-Party Action.)—In consolidated medical malpractice actions to recover damages for personal injuries, etc., the defendants County of Nassau and Joan Chisholm appeal, and the defendant Louis S. Rosenberg separately appeals, from an order of the Supreme Court, Nassau County (Yachnin, J.), dated December 13, 1989, which granted the plaintiffs' motion pursuant to CPLR 3134 (c) to amend their response to an interrogatory served on them by the County of Nassau.

Ordered that the order is reversed, with one bill of costs payable to the defendants appearing separately and filing separate briefs, and the plaintiffs' motion is denied.

The record reveals that the infant plaintiff allegedly sustained severe personal injuries at the time of his birth due to the purported malpractice of the defendant physicians at a Nassau County medical facility. The instant actions were

commenced in 1983 and 1984 and subsequently were consolidated in 1985. In response to interrogatories served by the defendant County of Nassau, the plaintiffs averred on December 28, 1983, and again on January 12, 1984, that the negligence sued upon did not include "a failure to perform a test or diagnostic procedure". Discovery proceeded to completion, and the plaintiffs filed a note of issue and certificate of readiness on or about November 7, 1986, certifying that the case was ready for trial. Thereafter, by notice of motion dated August 14, 1989, the plaintiffs moved to amend their response to the interrogatories to set forth two diagnostic procedures which they alleged the defendants should have performed. The defendants opposed the motion, contending that it was being made on the eve of trial, that it was unsupported by medical evidence and a reasonable excuse for the delay, and that it would unduly prejudice the defendants if granted. The plaintiffs responded with affirmations of their attorneys suggesting that they did not learn the significance of the failure to employ these diagnostic procedures until they received a report from their retained medical expert. A copy of the expert's report, dated May 14, 1987, also was submitted. In the exercise of its discretion, the Supreme Court granted the motion. We reverse.

An amendment of interrogatories pursuant to CPLR 3134 (c) can only be made by order of the court upon a showing of good cause therefor *(see, DiChiara v McNulty & Co.,* 158 AD2d 366). As we have previously noted in a somewhat analogous situation: "Generally, amendments to pleadings are to be liberally granted (CPLR 3025, subd [b]). However, where, as here, an action has long been certified ready for trial, judicial discretion in allowing such amendments should be ' " 'discrete, circumspect, prudent and cautious' " ' *(Perricone v City of New York,* 96 AD2d 531, 533 [quoting *Symphonic Electronic Corp. v Audio Devices,* 24 AD2d 746], *affd* 62 NY2d 661)" *(Bertan v Richmond Mem. Hosp. & Health Center,* 106 AD2d 362, 363; *see, Simpson v Browning-Ferris Indus. Chem. Servs.,* 146 AD2d 769; *Alexander v Seligman,* 131 AD2d 528). We find that under the circumstances of this case, the Supreme Court improvidently exercised its discretion in permitting the amendment. The plaintiffs claim that they did not become aware of the facts underlying the proposed amendment until they received the May 14, 1987, report of their medical expert. However, even if we accept this claim, the plaintiffs have wholly failed to justify or adequately explain their delay of more than two years after receipt of the report

in seeking the amendment *(see generally, Dubissette v Davis,* 158 AD2d 504; *Simpson v Browning-Ferris Indus. Chem. Servs., supra; Ehrhart v County of Nassau,* 106 AD2d 488; *Bertan v Richmond Mem. Hosp. & Health Center, supra).* Moreover the proposed amendment would clearly result in undue prejudice to the defendants by inserting a new theory of recovery into the case on the eve of trial *(see generally, Hypertronics Inc. v Digital Equip. Corp.,* 159 AD2d 607; *Simpson v Browning-Ferris Indus. Chem. Servs., supra; Alexander v Seligman, supra; Bertan v Richmond Mem. Hosp. & Health Center, supra; Eggeling v County of Nassau,* 97 AD2d 395). Accordingly, the motion to amend the plaintiffs' response to the interrogatory should have been denied. Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.