■ JANET M. THOMPSON, Appellant, v PATRICIA B. CONNOR, as Executrix of the Estate of JOSEPH R. BRANDY, Deceased, et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Duskas, J.), entered March 26, 1990 in St. Lawrence County, which denied plaintiff's motion for leave to amend her bill of particulars.

In April 1985, plaintiff underwent surgery performed by defendant Denis J. Blais, a urologist, and Joseph R. Brandy, a gynecologist,* including a Stamey procedure, where the pa-

---

* Defendant Patricia B. Connor was substituted for Brandy following his death on October 15, 1990. References to defendants are to Brandy and Blais unless the context indicates otherwise.

tient's urethral vesicle junction is supported by permanent sutures within protective sleeves called "dacron bolsters". Plaintiff thereafter commenced this medical malpractice action and on January 6, 1987 served a bill of particulars alleging that defendants were negligent in permitting and allowing a "foreign object" to remain in her abdomen. After filing a note of issue and certificate of readiness for trial on August 17, 1987, plaintiff served a supplemental bill of particulars on August 12, 1988, elaborating on the "foreign object" theory and alleging, *inter alia,* that defendants "failed to take proper steps to remove the foreign object".

Trial of the action commenced on November 13, 1989 and, after plaintiff elicited expert testimony that defendants were negligent in leaving the dacron bolsters in plaintiff (the "dacron bolster" theory) and in failing to administer prophylactic and postoperative antibiotics (the "antibiotic" theory), defendants sought and obtained a mistrial upon the ground that the expert's testimony was outside the scope of the pleadings. Supreme Court denied plaintiff's subsequent motion to amend her bill of particulars and this appeal ensued.

The sole issue in this case is whether Supreme Court erred in denying plaintiff permission to amend the bill of particulars to assert the dacron bolster and antibiotic theories of liability. It is well settled that the decision whether to grant leave to serve an amended bill of particulars is committed to the sound discretion of the trial court and the resulting determination will not lightly be set side *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *Hypertronics Inc. v Digital Equip. Corp.,* 159 AD2d 607, 608). While the general rule is that leave to amend is to be freely given in the absence of a showing of prejudice *(see, Mathiesen v Mead,* 168 AD2d 736), judicial discretion in allowing such an amendment on the eve of trial should be " 'discreet, circumspect, prudent and cautious' " *(Smith v Sarkisian,* 63 AD2d 780, 781, *affd on mem below* 47 NY2d 878, quoting *Symphonic Elec. Corp. v Audio Devices,* 24 AD2d 746). Furthermore, it is incumbent upon a movant who has been guilty of extended delay in seeking leave to amend to make a showing of reasonable excuse for the delay *(see, Mathiesen v Mead, supra,* at 737; *Hypertronics Inc. v Digital Equip. Corp., supra; Smith v Sarkisian, supra; but see, March v St. Volodymyr Ukranian Catholic Church,* 117 AD2d 864, 865).

Plaintiff concedes that her antibiotic theory was not asserted prior to trial, but argues that the dacron bolster theory had been raised in her supplemental bill of particulars. We

disagree. The supplemental bill of particulars makes no mention of dacron bolsters, and we fail to see how reference to a "foreign object" could place defendants on notice of a claim with regard to an object which was intentionally left in plaintiff as part of a surgical procedure *(see, e.g., Lombardi v DeLuca,* 130 AD2d 632, *affd* 71 NY2d 838), particularly in the absence of a claim that the original placement of the dacron bolsters was negligent in some respect *(cf., Vinciguerra v Jameson,* 153 AD2d 452, 453). We also reject the claim that Supreme Court should have granted the application with respect to both theories because defendants were fully aware of the facts underlying the requested amendment. In view of the fact that the motion "seeks to add * * * new theor[ies] of recovery which [were] not readily discernible from the allegations in the * * * bill of particulars [as supplemented]" *(Leon v Central Gen. Hosp.,* 156 AD2d 338, 339), and with no satisfactory explanation for the lateness of the application made 2½ years after the filing of the note of issue, Supreme Court's denial of the application was not an improvident exercise of discretion *(see, Napoli v Canada Dry Bottling Co.,* 166 AD2d 696, 697; *Dubissette v Davis,* 158 AD2d 504, 505; *Leon v Central Gen. Hosp., supra,* at 339; *Bosch v City of New York,* 143 AD2d 607, 608; *Reynolds v Towne Corp.,* 132 AD2d 952, *lv denied* 70 NY2d 613).

Casey, J. P., Weiss, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.