■ Masood Daud, an Infant, by His Father and Natural Guardian, Mohammed Daud, et al., Appellants, v Forest and Garden Apts. Co. et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lonschein, J.),

dated January 10, 1990, which denied their motion for leave to serve an amended bill of particulars.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced the instant action on July 22, 1986, to recover damages for injuries the infant plaintiff Masood Daud suffered when he fell on August 15, 1984, from an apartment building owned by Forest and Garden Apts. Co. (hereinafter Forest). The complaint and bill of particulars alleged that Forest was negligent in failing to install window guards, the absence of which enabled the then five-year-old injured plaintiff to exit his family's apartment through a bedroom window and fall. However, at his deposition on February 26, 1988, the injured plaintiff testified that although he did exit from his bedroom through the open window, he and his sister then stepped onto an adjacent roof-top terrace to play a game of catch. He fell a short time later from a nearby ledge as he was attempting to retrieve an errantly-thrown ball.

On April 25, 1988, approximately two months after the deposition, the plaintiffs brought a separate action against Schlessinger Management Corp. (hereinafter Schlessinger), Forest's managing agent. The amended verified complaint and bill of particulars served in that action repeated verbatim the allegations concerning the window guards. At the end of August 1988, the plaintiffs served a note of issue and statement of readiness on Forest. The defendants, represented by the same counsel, moved to vacate the note of issue and to consolidate the two actions. The Supreme Court granted the consolidation motion without taking any action with regard to the note of issue. The case remained on the trial calendar.

By notice of motion dated September 11, 1989—a few days after the case appeared on the calendar as ready for trial, and a year from the time the note of issue was filed—the plaintiffs moved for leave to serve an amended bill of particulars, alleging, in substance, that the defendants were negligent in failing to take steps designed to secure an area frequented by children for purposes of play. The Supreme Court denied the motion, and we affirm.

Notwithstanding the liberal policy concerning amendments embodied in CPLR 3025 (b), motions for leave to serve an amended bill of particulars made well after a note of issue has been filed—especially those made on the eve of trial—will be scrutinized closely and will be denied if there has been an inordinate, unexplained delay combined with a material

change prejudicial to the adverse party *(Dubissette v Davis,* 158 AD2d 504; *Simpson v Browning-Ferris Indus. Chem. Servs.,* 146 AD2d 769; *Alexander v Seligman,* 131 AD2d 528). In the present case the plaintiffs offer no explanation as to why they waited approximately 18 months to make the motion after the new information about the accident came to light at the infant plaintiff's deposition. They also fail to explain why, when they sued Schlessinger, they repeated the same window-guard allegations made against Forest. Furthermore, there seems little doubt that if this amendment is permitted the defendants will have to substantially reorient their defense. Revising the defense will be difficult, given that the accident took place in mid-1984. Moreover, the defendants cannot be charged with having received fair warning of this significant change in the plaintiffs' case, given that the complaint and bill of particulars served on Schlessinger did not alter the plaintiffs' theory. Consequently, the Supreme Court did not improvidently exercise its discretion in denying the motion. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.