■ JULIA EVANS, Respondent, v GILBERT J. KRINGSTEIN, Appellant. [598 NYS2d 64] —In an action to recover damages for dental malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Clemente, J.) dated May 6, 1991, as granted the plaintiff's motion for leave to amend her complaint to assert a cause of action to recover damages for lack of informed consent.

Ordered that the order is reversed insofar as appealed from, as a matter of discretion, with costs, and the motion for leave to assert a cause of action to recover damages for lack of informed consent is denied.

In 1982 the plaintiff commenced an action against the defendant to recover damages for dental malpractice and breach of contract, but alleged no separate cause of action based upon lack of informed consent. Thereafter, discovery was conducted, and upon completion of discovery, the plaintiff filed a note of issue and certificate of readiness for trial in January 1989. After the case was reached for trial, the plaintiff moved for leave to serve an amended complaint to assert a cause of action predicated upon lack of informed consent.

It is well established that leave to amend pleadings shall be freely given unless the party opposing the motion can demonstrate prejudice or surprise from a delay *(see, Moon v Long Beach Mem. Hosp.,* 173 AD2d 527; *Girardi v Community Hosp.,* 137 AD2d 788). Although mere delay is insufficient to defeat a motion to amend, where an action "has long been certified [as] ready for trial, judicial discretion in allowing such amendments should be ' "discreet, circumspect, prudent and cautious" ' " *(Perricone v City of New York,* 96 AD2d 531, 533, *affd* 62 NY2d 661, quoting *Symphonic Elec. Corp. v Audio Devices,* 24 AD2d 746; *see also, Davidian v County of Nassau,* 175 AD2d 908). Moreover, an application for leave to amend a pleading should be denied where the delay results in prejudice to the adverse party *(see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957).

In this case, almost nine years passed between the com-

mencement of the action and the eve of trial, when the plaintiff first moved to amend her complaint. However, the plaintiff has offered no reasonable excuse for this inordinate delay and, under the circumstances of this case, the unexplained delay constitutes sufficient prejudice so as to warrant denial of the plaintiff's motion (see, Matter of Department of Social Servs. v Jay W., 105 AD2d 19; Mint Factors v Castelle, 127 AD2d 636; Davis v Brown, 70 AD2d 873). Moreover, where, as here, the proposed amendment inserts a new theory of liability into the case on the eve of trial, it is clear that undue prejudice will result to the defendant (see, Davidian v County of Nassau, 175 AD2d 908, 910, supra; see also, Hypertronics Inc. v Digital Equip. Corp., 159 AD2d 607; Barakakos v Avellini, 185 AD2d 805). Specifically, "the fact that an informed consent claim necessarily depends on the recollections of the parties which unavoidably diminish over time," the longer the delay in asserting such a claim, the more it stands to reason that the opposing party will be prejudiced (Polak v Schwenk, 115 AD2d 142, 143; Smith v Bessen, 161 AD2d 847).

The record contains no affidavit from the plaintiff with respect to the merits of her claim for lack of informed consent. "[W]here a party is guilty of extended delay in moving to amend, the court should insure that the amendment procedure is not abused by requiring a reasonable excuse for the delay and an affidavit of merit" (Gallo v Aiello, 139 AD2d 490, 490-491 [emphasis added]; see also, Bertan v Richmond Mem. Hosp. & Health Ctr., 106 AD2d 362; Alexander v Seligman, 131 AD2d 528).

For these reasons we conclude that the Supreme Court improvidently exercised its discretion in allowing the plaintiff leave to amend her complaint to assert a cause of action predicated on lack of informed consent. Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.