■ JAMES THOMPSON, Respondent-Appellant, v NEW YORK CITY HOUSING AUTHORITY, Appellant-Respondent. [623 NYS2d 257] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Richmond County (Amann, J.), entered November 10, 1992, which, upon a jury verdict finding the plaintiff 15% at fault and the defendant 85% at fault in the happening of the accident, is in favor of the plaintiff and against it in the principal sum of $191,250. The plaintiff cross-appeals from the judgment on the ground of inadequacy.

Ordered that the judgment is reversed, on the law, and the complaint is dismissed, with costs to the defendant.

The plaintiff rented a two-story residence in a housing project owned by the defendant New York City Housing Authority. Because the plaintiff had a son under the age of 10 residing with him, the defendant installed window guards in all of the bedroom windows on the second story, pursuant to New York City Health Code § 131.17. As required by the New York City Department of Health, these window guards blocked the entire lower portion of the double-hung windows, and would only permit the upper portion of the window to be opened 5 inches. One night there was a fire in the upstairs hallway of the residence, and the plaintiff was trapped in his bedroom. As a result, he sustained injuries when he was forced to smash the glass of the upper portion of the window, and then lost his balance and fell to the ground while trying to climb out of the upper portion of the window.

The trial court submitted one theory of liability to the jury: whether the defendant was negligent in failing to apply for a variance under New York City Health Code § 131.17 from the strict requirements of the so-called "window guard law" (see, New York City Health Code § 131.15). The trial court erred in submitting this theory of liability to the jury. This theory of liability was not contained in either the plaintiff's pleadings or his bill of particulars. Even if the plaintiff had moved to amend his pleadings or his bill of particulars in the middle of trial, it would have been an improvident exercise of discretion on the part of the trial court to allow the plaintiff to assert this new theory of liability during the trial (see, Evans v Kringstein, 193 AD2d 714; Davidian v County of Nassau, 175 AD2d 908; Simpson v Browning-Ferris Indus. Chem. Servs., 146 AD2d 769). In any event, even if it were proper to submit this theory of liability to the jury, New York City Health Code § 131.17 does not impose any duty on the part of a landlord to seek a variance from the strict requirements of the window guard law. Rather, the provision indicates that a landlord may seek a variance where it is faced with "practical difficulties" or "unusual hardships" in following the strict requirements of New York City Health Code § 131.17. There was no showing that if the defendant had applied for a variance, the Commissioner of Health would have granted one in this instance. The plaintiff otherwise failed to prove that the defendant owed a duty to the plaintiff under applicable statutes or regulations to provide a safe means of egress from the bedroom windows under the facts of this case. Therefore, since no valid line of

reasoning and permissible inferences could possibly lead rational people to the conclusion reached by the jury, the verdict must be set aside and the action dismissed.

In light of the foregoing determination, we do not reach the parties' remaining contentions. Pizzuto, J. P., Santucci, Friedmann and Krausman, JJ., concur.