■ WILLIAM ROSA et al., Appellants, v WESTCHESTER COUNTY MEDICAL CENTER et al., Respondents. [649 NYS2d 179] —In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Shapiro, J.), dated October 27, 1995, which denied their motion for leave to serve an amended bill of particulars and granted the defendants' cross motion to preclude the plaintiffs from offering at trial any evidence on the issue of the improper administration of medication.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced the instant action on October 20, 1987, *inter alia,* to recover damages for injuries sustained by the plaintiff William Rosa as a result of the defendants' alleged medical malpractice. The plaintiffs served a bill of particulars on November 24, 1989, and a supplemental bill of

particulars on July 12, 1991. The plaintiffs did not allege at any time that they were proceeding under the theory that the defendants had improperly administered drugs. On April 10, 1995, the day of trial, the court granted the plaintiffs' request for an adjournment and directed them to comply with the defendants' demands for expert witness information. After the plaintiffs served the expert witness information they moved for leave to serve an amended bill of particulars to conform the pleadings to the theory presented by their expert witnesses: that William Rosa's paralysis was due to an overdose of the drug Protamine and the failure to monitor the effects of the drug Heparin. The Supreme Court denied the motion and we affirm.

While CPLR 3025 (b) states that leave to amend "shall be freely given upon such terms as may be just", judicial discretion in allowing such an amendment on the eve of trial should be discreet, circumspect, prudent, and cautious (*Dubissette v Davis,* 158 AD2d 504, 505; *Smith v Sarkisian,* 63 AD2d 780, 781, *affd* 47 NY2d 878; *see,* CPLR 3042 [former (g)]; *Daud v Forest & Garden Apts. Co.,* 178 AD2d 578, 579-580). We find that the Supreme Court providently exercised its discretion in denying the plaintiffs' motion in light of the plaintiffs' inordinate, unexplained delay and the fact that they seek to make a material amendment to their bill of particulars.

The plaintiffs' remaining contention is without merit. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.