■ CAROLE COHEN et al., Appellants, v MARTIN PHILLIP KASOF-SKY et al., Respondents. [868 NYS2d 70]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Slobod, J.), dated March 29, 2007, which denied their motion for a mistrial or, in the alternative, pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendants and for a new trial, and (2) a judgment of the same court dated May 23, 2007, which, upon the jury verdict in favor of the defendants, and upon the order dated March 29, 2007, is in favor of the defendants and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiffs contend that the verdict finding that the defendant Ronald R. Coffey departed from good and accepted medical practice but that such departure was not a substantial factor in causing injury to the plaintiff Carole Cohen was against the weight of the evidence. Where, as here, the parties presented expert testimony in support of their respective positions, it was within the province of the jury to determine the experts' credibility (see Manuka v Crenshaw, 43 AD3d 886, 887 [2007]). The jury was entitled to credit the testimony of Dr. Coffey's expert over that of the plaintiffs' expert on the issue of causation, and its verdict, based on a fair interpretation of the evidence, was not against the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Nicastro v Park, 113 AD2d 129, 134 [1985]).

The plaintiffs contend that the Supreme Court erred in giving a missing witness charge for their failure to call two doctors on the issue of damages. Their contention that the doctors were unavailable because their offices were located in New Jersey was not raised during the charge conference, and thus, is not

properly before this Court (*see generally Mann v All Waste Sys.,* 293 AD2d 656 [2002]). Further, the plaintiffs failed to rebut the defendants' contention that the evidence was noncumulative (*see Buttice v Dyer,* 1 AD3d 552, 552-553 [2003]). Thus, the Supreme Court providently exercised its discretion in giving the charge (*see Wilson v Bodian,* 130 AD2d 221, 235 [1987]; *cf. LaGrasta v Ettayyim,* 5 AD3d 737 [2004]). In any event, because the missing witness charge pertained only to damages, and because the jury never reached the issue of damages, any error was harmless and may not serve as a ground for a new trial (*see Morton v New York City Health & Hosps. Corp.,* 8 AD3d 122, 123 [2004]).

The Supreme Court providently exercised its discretion in precluding the plaintiffs, on the eve of trial, from expanding their theory of Dr. Coffey's liability to include an alleged act of malpractice in 2002, reasoning that the complaint and bills of particulars included only allegations of malpractice commencing in April 2003 (*see Rosa v Westchester County Med. Ctr.,* 233 AD2d 311, 312 [1996]; *Bosch v City of New York,* 143 AD2d 607, 608 [1988]). Contrary to the plaintiffs' contention, during summation the attorney for Dr. Coffey did not contravene the court's ruling by commenting upon testimony concerning events in 2002 which had been elicited by the plaintiffs. Thus, the summation did not deprive the plaintiffs of a fair trial (*see Alston v Sunharbor Manor, LLC,* 48 AD3d 600, 603 [2008]).

The plaintiffs further contend that additional summation comments deprived them of a fair trial. However, the plaintiffs failed to preserve for appellate review their contentions with respect to most of the comments (*see Friedman v Marcus,* 32 AD3d 820 [2006]; *Ritz v Lee,* 273 AD2d 291 [2000]; *Lind v City of New York,* 270 AD2d 315, 317 [2000]). In any event, the defense summation did not divert the jurors' attention from the issues to be determined or otherwise deprive the plaintiffs of a fair trial (*see Vingo v Rosner,* 29 AD3d 896, 897 [2006]; *Torrado v Lutheran Med. Ctr.,* 198 AD2d 346, 347 [1993]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.