■ In the Matter of ABRAHAM GREENBAUM et al., Appellants, v HOLLIS S. INGRAHAM, as Commissioner of Health of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered January 3, 1974 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78. In June of 1972 petitioners were notified that they had failed the examination required of them to continue in the practice of nursing home administration (Public Health Law, § 2896-f). Verbal requests on their behalf that they be permitted to review the questions and accepted answers used in that examination were rebuffed by letters of the respondents dated July 27 and November 1, 1972 respectively. Special Term has dismissed their article 78 proceeding commenced in November of 1972 as untimely and petitioners now appeal to this court. Article 28-D of the Public Health Law governs the licensing of nursing home administrators, but contains no statutory provision authorizing any review or rehearing in the case of an applicant who is unsuccessful in passing the required examination. His sole recourse is to submit himself to another examination (Public Health Law, § 2896-d, subd 5; § 2896-f, subd 4). Consequently, petitioners' belated requests to review questions and answers used in the earlier examination, even if liberally construed to amount to a plea for a reconsideration or review of the test results, were plainly addressed to respondents as matters of discretion and, when rejected, did nothing to alter the final and binding effect of the notifications of failure which set in motion the four-month period of limitation for judicial review contained in CPLR 217 (cf. *Matter of Davis v Kingsbury,* 27 NY2d 567; *Matter of Karaffa v Simon,* 14 AD2d 978). The petition explicitly attacks the procedures employed in developing and grading the examinations. It quite obviously seeks review of respondents' various determinations in administering those tests, yet raises no genuine question of any failure on respondents' part to perform any duty enjoined upon them by law. As a result, petitioners' contention that the instant proceeding is in the nature of

mandamus to compel certain action, for which the appropriate time limit would commence running upon their demand and refusal of access to the examination questions and answers, is without merit (cf. *Austin v Board of Higher Educ. of City of N. Y.,* 5 NY2d 430, 442). Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.