■ In the Matter of ROBERT E. KEATING, Respondent, v FRANK J. ROGERS, as Commissioner of the New York State Division of Criminal Justice Services, et al., Appellants.—Appeal, by permission, from an order of the Supreme Court at Special Term, entered December 13, 1979 in Albany County, which denied respondents' motion to dismiss the petition on the grounds that this proceeding is barred by the statutory period of limitations and by the application of the doctrine of laches. The petitioner was terminated from the position of assistant public information specialist in the Division of Criminal Justice Services in August, 1975. The present proceeding was instituted by petition in August, 1979, four years subsequent to the termination. The affidavit of the petitioner in opposition to the motion to dismiss is replete with statements that immediately upon being notified of his termination "a series of inquiries was made as to what his rights and alternatives might be", and petitioner's failure to consult an attorney until 1978 cannot be charged against the respondents. Extending to petitioner every consideration on this record, he was guilty of laches, and there is no basis for a finding that he was excused for not commencing the proceeding within the statutory four-month limitation period *(Solnick v Whalen,* 49 NY2d 224, 232-233; *Matter of Greenbaum v Ingraham,* 48 AD2d 969). Order reversed, on the law, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.

■ EVA F. COLICHIO, Plaintiff, v BURHAM BAILEY, Appellant, and ROBERT J. REO et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered January 15, 1980 in Rensselaer County, which denied a motion to dismiss respondent's cross claim for property damages. On October 11, 1976, appellant's automobile was in collision with respondent's. Plaintiff was a passenger in appellant's vehicle and sued both on April 5, 1978. Respondent cross-claimed for apportionment and for subrogated property damage. Respondent timely served an answer on plaintiff's attorney, but failed to serve appellant's attorney until October 23, 1979, more than three years after the accident. Appellant moved to dismiss the cross claim on the ground that it was barred by the Statute of Limitations. Special Term denied the motion and this appeal ensued. There must be an affirmance. Even though CPLR 203 (subd [c]) refers only to a defense or counterclaim and does not mention a cross claim, we are of the view that it also applies to a cross claim *(Seligson v Chase Manhattan Bank, Nat. Assn.,* 50 AD2d 206). At the time the primary action was commenced, respondent's cross claim was viable, the Statute of Limitations not having run. Consequently, CPLR 203 (subd [c]) applies and the cross claim is not barred. Order affirmed, with costs. Sweeney, J. P., Kane, Staley, Jr., Main and Casey, JJ., concur.