■ THEODORE SIEVERT, Plaintiff, v MORLEF HOLDING Co. et al., Defendants, GINO LUCADAMO & SONS, INC., Appellant, and AMOCO OIL COMPANY, Respondent. (And Third-Party Actions.) [631 NYS2d 774] —In an action to recover damages for personal injuries, the defendant Gino Lucadamo & Sons, Inc., appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated February 28, 1994, which granted the motion of the defendant Amoco Oil Company for leave to amend its answer to include an additional cross claim against it.

Ordered that the order is affirmed, with costs to the defendant Amoco Oil Company.

On November 28, 1984, the plaintiff was injured when he fell at a gas station on property which the defendant Jonathan Auto Repair, Inc., subleased from the defendant Amoco Oil Company (hereinafter Amoco). The property was owned by the defendant Morlef Holding Co. In July 1984, Amoco entered into a contract with the defendant Gino Lucadamo & Sons, Inc. (hereinafter Lucadamo), under which Lucadamo agreed to perform asphalt repair work at the gas station. Lucadamo performed the work in July 1984.

The plaintiff commenced this action for damages in November 1987. Amoco served its answer and cross claims against Lucadamo in January 1988. Amoco alleged that, pursuant to the construction contract, Lucadamo was obligated to indemnify Amoco for any liability it might incur as a result of a lawsuit arising out of the work. In February 1994, one month before the trial was to commence, Amoco sought leave to amend its answer to include an additional cross claim against Lucadamo. Amoco alleged that Lucadamo breached the contract by failing to obtain insurance naming Amoco as an insured party to protect it from liability should an injury occur as a result of Lucadamo's repair work. The Supreme Court granted the motion. We affirm.

Although the motion was made more than six years after the lawsuit was initiated, Lucadamo failed to establish that it would be prejudiced by permitting the amended claim. While judicial discretion in allowing such amendments should be "discreet, circumspect, prudent and cautious" when such motions are made on the eve of trial (Evans v Kringstein, 193 AD2d 714), mere lateness, in the absence of demonstrable prejudice, is an insufficient basis for the denial of such a motion (see, Edenwald Contr. Co. v City of New York, 60 NY2d 957; Fitzpatrick v Structure Tone, 201 AD2d 373; Daud v Forest & Garden Apts. Co., 178 AD2d 578). The court further alleviated any possible prejudice by severing the amended claim from the trial and ordering that additional discovery be undertaken.

The cross claim was not barred by the Statute of Limitations as that claim was viable at the time the underlying action was commenced *(see, Imperial Outfitters to Large Men v Genesco, Inc.,* 95 AD2d 755, 756; *Colichio v Bailey,* 77 AD2d 694; *Seligson v Chase Manhattan Bank,* 50 AD2d 206, 209-210; CPLR 213 [2]). Furthermore, the amended claim arose from the same transactions and occurrences as were alleged in the original pleading *(see,* CPLR 203 [f]). Finally, the merits of a proposed amendment will not be examined on the motion to amend unless the insufficiency or lack of merit is clear and free from doubt *(see, Noanjo Clothing v L&M Kids Fashion,* 207 AD2d 436). Here, the lack of merit of the claim is not free from doubt. Sullivan, J. P., O'Brien, Thompson and Santucci, JJ., concur.