■ MAY CHEUNG et al., Respondents, v CHAO FU et al., Defendants, and RED APPLE CHILD DEVELOPMENT CENTER et al., Appellants. [904 NYS2d 669]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants Red Apple Child Development Center and Xiaoping Fan, also known as Joanna Fan, appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated December 22, 2009, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord [the] plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Caravousanos v Kings County Hosp.*, 74 AD3d 716 [2d Dept 2010]; *Sarva v Self Help Community Servs., Inc.*, 73 AD3d 1155 [2010]). Moreover, "[o]n a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction" (*Kempf v Magida*, 37 AD3d 763, 764 [2007]).

Here, in accordance with this standard, the Supreme Court properly denied that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint

insofar as asserted against them. Affording the plaintiffs a liberal construction of their pleading, as well as every favorable inference, the complaint states causes of action against the appellants to recover damages for negligent hiring, negligent supervision, negligent training, and negligent retention (*see generally Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Oldham v Eastport Union Free School Dist.*, 26 AD3d 480 [2006]).

Additionally, the Supreme Court correctly denied that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them based on documentary evidence. The purported documentary evidence submitted by the appellants did not "resolve[ ] all factual issues as a matter of law, and conclusively dispose of the plaintiff[s'] claim" as is required for dismissal under CPLR 3211 (a) (1) (*Del Pozo v Impressive Homes, Inc.*, 29 AD3d 621, 622 [2006], quoting *Berger v Temple Beth-El of Great Neck*, 303 AD2d 346, 347 [2003]; *see Herrnsdorf v Bernard Janowitz Constr. Corp.*, 67 AD3d 640, 643 [2009]).

Accordingly, the Supreme Court properly denied the appellants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them. Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.