# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**375**

**CA 15-00795**

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

MICHAEL G. MITCHELL, PLAINTIFF,

V                                    MEMORANDUM AND ORDER

CALIN OLAR, COLD SPRING CONSTRUCTION COMPANY,
DEFENDANTS-RESPONDENTS,
ANTHONY M. CRISAFULLI, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL),
FOR DEFENDANT-APPELLANT.

BURDEN, GULISANO & HANSEN, LLC, BUFFALO (SARAH HANSEN OF COUNSEL), FOR
DEFENDANT-RESPONDENT CALIN OLAR.

CARTAFALSA, SLATTERY, TURPIN & LENOFF, BUFFALO (BRIAN MINEHAN OF
COUNSEL), FOR DEFENDANT-RESPONDENT COLD SPRING CONSTRUCTION COMPANY.

---

Appeal from an order of the Supreme Court, Onondaga County
(Donald A. Greenwood, J.), entered August 21, 2014. The order,
insofar as appealed from, granted the motions of defendants Calin Olar
and Cold Spring Construction Company seeking to dismiss the cross
claim of defendant Anthony M. Crisafulli.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motions of
defendants Calin Olar and Cold Spring Construction Company are denied,
and the cross claim of defendant Anthony M. Crisafulli is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for
personal injuries he sustained in a motor vehicle accident that
occurred on October 6, 2010. In his complaint, plaintiff alleged that
the accident occurred near a construction site where work was being
performed by defendant Cold Spring Construction Company (Cold Spring).
Plaintiff further alleged that a Cold Spring employee was directing
traffic at the construction site when a vehicle owned and operated by
defendant Calin Olar collided with a vehicle owned by defendant
Anthony M. Crisafulli, which then collided with a vehicle operated by
plaintiff. Plaintiff alleged that his injuries were caused by, inter
alia, the negligence of Cold Spring, Olar, and Crisafulli.
Crisafulli's answer included a cross claim against Cold Spring and
Olar seeking to recover property damages for the destruction of
Crisafulli's vehicle. Supreme Court granted the motions of Cold
Spring and Olar seeking to dismiss the cross claim on the ground that

the statute of limitations had expired.

We agree with Crisafulli that the court erred in granting the motions of Cold Spring and Olar.  Plaintiff commenced the underlying action on September 20, 2013 by filing the complaint (*see* CPLR 203 [c]), which was before the three-year statute of limitations for Crisafulli's property damage claim expired on October 6, 2013 (*see* CPLR 214 [4]).  CPLR 203 (d) provides that "[a] defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed."  That section applies to cross claims as well as to counterclaims (*see Long v Sowande*, 27 AD3d 247, 248).  Thus, although Crisafulli did not answer the complaint until after the limitations period had expired, we conclude that "[t]he cross claim was not barred by the [s]tatute of [l]imitations as that claim was viable at the time the underlying action was commenced" (*Sievert v Morlef Holding Co.*, 220 AD2d 403, 404; *see* CPLR 203 [d]; *Colichio v Bailey*, 77 AD2d 694, 694).  Moreover, because Crisafulli's cross claim was viable at the time the underlying action was commenced, there is no need to consider whether the cross claim arose out of the same transaction or occurrence as the claim asserted in the complaint (*see* CPLR 203 [d]; *see generally Bloomfield v Bloomfield*, 97 NY2d 188, 193; *Colichio*, 77 AD2d at 694).  Indeed, the cross claim is "recoverable in full . . . regardless of whether it is related to the transaction or occurrence underlying plaintiff's claim" (Vincent C. Alexander, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:9, 2016 Pocket Part at 79; *cf. Harrington v Gage*, 43 AD3d 1393, 1394-1395, *lv dismissed* 10 NY3d 789, *lv denied* 11 NY3d 711; *Town of Amherst v County of Erie*, 247 AD2d 869, 869-870).

Entered:  April 29, 2016                        Frances E. Cafarell
                                                Clerk of the Court