National Recruiting Group, LLC v Bern Ripka LLP (2020 NY Slip Op 02930)





National Recruiting Group, LLC v Bern Ripka LLP


2020 NY Slip Op 02930


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-01591
 (Index No. 611666/15)

[*1]National Recruiting Group, LLC, appellant,
v
Bern Ripka LLP, et al., respondents.


Gordon Rees Scully Mansukhani, LLP, New York, NY (Mark A. Beckman and Sara Anderson Frey, pro hac vice, of counsel), for appellant.
Marc J. Bern & Partners LLP, New York, NY (Philip R. Berwish and Leigh Bernstein of counsel), for respondent Bern Ripka LLP.
Napoli Shkolnik PLLC, Melville, NY (Nicholas R. Farnolo of counsel), respondent pro se and for respondent Napoli Bern Ripka Shkolnik LLP.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), entered January 8, 2019. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the defendants' counterclaims, and granted the defendants' cross motion pursuant to CPLR 3025(b) for leave to amend those counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, National Recruiting Group, LLC, is a staffing company that places individuals into temporary employment positions. In November 2015, the plaintiff commenced this action against the defendants Bern Ripka LLP (hereinafter Bern Ripka), Napoli Shkolnik PLLC (hereinafter Napoli Shkolnik), and Napoli Bern Ripka Shkolnik LLP (hereinafter NBRS; hereinafter collectively with Bern Ripka and Napoli Shkolnik, the defendants), alleging that it was owed the sum of $150,150.18, pursuant to a contract between it and NBRS. The plaintiff alleged that in August 2015, following the dissolution of NBRS, and the formation of Bern Ripka and Napoli Shkolnik, it stopped receiving payments that were due under the contract. In an amended complaint dated December 28, 2015, the plaintiff asserted causes of action, inter alia, to recover damages for breach of contract and unjust enrichment, and on an account stated. The defendants served an amended answer and interposed two counterclaims alleging negligent hiring and supervision, and liability based upon a theory of respondeat superior. In their counterclaims, the defendants alleged, inter alia, that the plaintiff knew or had reason to know that a certain unnamed temporary employee placed by the plaintiff with NBRS "was potentially dangerous and would engage in criminal activities, such as theft and credit card fraud," and that the acts were committed by the temporary employee during the course and scope of his employment.
The plaintiff subsequently moved pursuant to CPLR 3211(a)(7) to dismiss the counterclaims. The defendants opposed the motion and cross-moved pursuant to CPLR 3025(b) for [*2]leave to amend the counterclaims in their amended answer. The counterclaims in the proposed second amended answer contained certain additional allegations, including (1) that the plaintiff failed to "conduct a background check and appropriately screen" a named temporary employee placed by the plaintiff with NBRS, (2) that the named temporary employee worked at NBRS from February 23, 2013, until July 13, 2013, (3) that he "stored and then later used . . . client information to open fraudulent credit cards," which he used to "make purchases, as well as pay for hotel rooms," and (4) that in November 2012, a criminal complaint was filed against him in Pennsylvania based on similar conduct. By order entered January 8, 2019, the Supreme Court, inter alia, denied the plaintiff's motion, and granted the defendants' cross motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting the defendants' cross motion pursuant to CPLR 3025(b) for leave to amend their counterclaims alleging that the plaintiff was negligent in hiring and supervising the named temporary employee, and was vicariously liable for his actions under a theory of respondeat superior. Under CPLR 3025(b), leave to amend a pleading "shall be freely given." Courts should grant leave to amend "[i]n the absence of prejudice or surprise resulting directly from the delay in seeking leave . . . unless the proposed amendment is palpably insufficient or patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 222; see United Fairness, Inc. v Town of Woodbury, 113 AD3d 754, 755). The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion (see U.S. Bank Trust, N.A. v Carter, 164 AD3d 539, 541-542; Deutsche Bank Trust Co. Ams. v Cox, 110 AD3d 760, 762). Therefore, a party seeking leave to amend a pleading is not required to make a showing of merit in the proposed amendment (see Brannigan v Christie Overhead Door, 149 AD3d 892, 893; Favia v Harley-Davidson Motor Co., Inc., 119 AD3d 836, 836).
Contrary to the plaintiff's contention, the proposed counterclaims set forth sufficient facts and the requisite elements to support those claims (see Galasso, Langione & Botter, LLP v Galasso, 176 AD3d 1176; McCarthy v Mario Enters., Inc., 163 AD3d 1135, 1137; Selechnik v Law Off. of Howard R. Birnbach, 82 AD3d 1077, 1079; May Cheung v Chao Fu, 75 AD3d 615, 615-616; Bumpus v New York City Tr. Auth., 47 AD3d 653, 654; Holmes v Gary Goldberg & Co., Inc., 40 AD3d 1033, 1034), and were not palpably insufficient or patently devoid of merit (see Krakovski v Stavros Assoc., LLC, 173 AD3d 1146, 1148; Gomez v Buena Vida Corp., 152 AD3d 497, 498). Furthermore, we agree with the Supreme Court's rejection of the plaintiff's contention that the proposed counterclaim alleging negligent hiring and supervision was patently devoid of merit on the ground that it was time-barred under the three-year statute of limitations (see CPLR 214[5]; Wander v St. John's Univ., 163 AD3d 896, 897). Contrary to the plaintiff's contention, that counterclaim was timely asserted inasmuch as "it was not barred at the time the claims asserted in the complaint were interposed" (CPLR 203[d]; see Mitchell v Olar, 138 AD3d 1490, 1491; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 90 AD3d 821, 822; Amendola v Kendzia, 17 AD3d 1105, 1108; Sievert v Morlef Holding Co., 220 AD2d 403, 404; cf. Butt v Malik, 114 AD3d 716, 717). Finally, there was no prejudice or surprise to the plaintiff.
For these same reasons, we agree with the Supreme Court's determination to deny the plaintiff's motion pursuant to CPLR 3211(a)(7) to dismiss the counterclaims.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court